| Civil **DOCKET** | DOCKET NUMBER **200455CV000536** | **Trial Court of Massachusetts** District Court Department |
|---|---|---|

CASE NAME
**TXCOLLECT/THRIFT I,L.P. vs. MANGALAM SHARMA**

CURRENT COURT
Stoughton District Court
1288 Central St.
Stoughton, MA 02072-4419
(781) 344-2131

| ASSOCIATED DOCKET NO. | DATE FILED 10/04/2004 | DATE DISPOSED 00/00/0000 |
|---|---|---|

PLAINTIFF(S)
P01   TXCOLLECT/THRIFT I,L.P.

PLAINTIFF'S ATTORNEY
ALAN JAMES VANARIA
1350 MAIN ST. STE 1400
SPRINGFIEL, MA 01103-1627
(413) 747-7700

DEFENDANT(S)/OTHER SINGLE PARTIES
D01   MANGALAM SHARMA
18 BERKSHIRE AVE
SHARON, MA 02067

DEFENDANT'S ATTORNEY

I HEREBY CERTIFY THAT THIS IS A TRUE COPY, GIVEN UNDER MY HAND AND SEAL THIS 1st DAY OF June 2005
CLERK-MAGISTRATE
ASSISTANT CLERK

| NO. | ENTRY DATE | DOCKET ENTRIES |
|---|---|---|
| 1 | 10/04/2004 | Complaint filed on 10/04/2004 at Stoughton District Court. |
| 2 | 10/04/2004 | Appearance for Txcollect/thrift I,l.p. filed by Attorney ALAN JAMES VANARIA 1350 Main St. Ste 1400 Springfield MA 01103-1627 BBO# 544095 |
| 3 | 12/27/2004 | Motion for attachment of real estate (Mass.R.Civ.P. 4.1[f]) filed by P01 TXCOLLECT/THRIFT I,L.P.. |
| 4 | 12/27/2004 | MOTION SCHEDULED FOR HEARING on 01/27/2005 10:00 AM. |
| 5 | 01/12/2005 | Answer filed by D01 MANGALAM SHARMA. |
| 6 | 01/12/2005 | Memorandum filed by D01 MANGALAM SHARMA. |
| 7 | 01/12/2005 | Counterclaim filed by D01 MANGALAM SHARMA against P01 TXCOLLECT/THRIFT I,L.P. (Mass.R.Civ.P. 13). |

A TRUE COPY, ATTEST:   X   CLERK-MAGISTRATE/ASST. CLERK   DATE

| | | DOCKET NUMBER |
|---|---|---|
| **DOCKET CONTINUATION** | | **200455CV000536** |

| NO. | ENTRY DATE | DOCKET ENTRIES |
|---|---|---|
| 8 | 01/12/2005 | CASE MANAGEMENT CONFERENCE SCHEDULED for 04/05/2005 02:00 PM (Dist Ct Standing Order 1-98). |
| 9 | 01/12/2005 | Notice of case management conference sent to parties. |
| 10 | 01/31/2005 | Return of service on complaint and summons to D01 MANGALAM SHARMA: Officer service SERVED at last and usual abode (Mass.R.Civ.P. 4(f)). |
| 11 | 01/31/2005 | MOTION SCHEDULED on 1/27/05 10:00 AM RESCHEDULED for 2/17/05 10:00 AM. Reason: Plaintiff's request without objection. |
| 12 | 01/31/2005 | Motion to dismiss deft. counterclaim filed by P01 TXCOLLECT/THRIFT I,L.P.. |
| 13 | 01/31/2005 | MOTION SCHEDULED FOR HEARING on 02/10/2005 10:00 AM. |
| 14 | 02/08/2005 | Opposition filed by D01 MANGALAM SHARMA to Motion to dismiss counterclaim that was filed on 01/31/2005. |
| 15 | 02/09/2005 | MOTION SCHEDULED on 2/10/05 CANCELED. Reason: Inclement weather. Plaintiff will send new notice re-marking MOTION TO DISMISS COUNTERCLAIM |
| 16 | 02/09/2005 | MOTION SCHEDULED on 2/17/05 CANCELED. Reason: Plaintiff's request without objection. Plaintiff will send new notice re-marking MOTION TO ATTACH REAL ESTATE. |
| 17 | 02/09/2005 | FAXED request of defendant to continue Motions . |
| 18 | 02/09/2005 | Notice sent to parties. |
| 19 | 02/24/2005 | MOTION SCHEDULED FOR HEARING on 03/31/2005 10:00 AM. |
| 20 | 03/21/2005 | Motion to dismiss (Mass.R.Civ.P. 12[b]) filed by D01 MANGALAM SHARMA. |
| 21 | 03/21/2005 | MOTION SCHEDULED FOR HEARING on 03/31/2005 10:00 AM. |
| 22 | 03/29/2005 | MOTION SCHEDULED on 3/31/05 10:00 AM RESCHEDULED for 5/5/05 10:00 AM. Reason: Request of all parties. |
| 23 | 03/29/2005 | Notice of next event sent to parties. |
| 24 | 04/04/2005 | CASE MGMT CONFERENCE SCHEDULED on 4/5/05 02:00 PM RESCHEDULED for 5/17/05 02:00 PM. Reason: Request of all parties. |
| 25 | 04/04/2005 | Notice of case management conference sent to parties. |
| 26 | 04/19/2005 | MOTION SCHEDULED on 5/5/05 CANCELED. Reason: No court sitting. |
| 27 | 04/19/2005 | Notice sent to parties. |

I HEREBY CERTIFY THAT THIS IS A TRUE COPY, GIVEN UNDER MY HAND AND SEAL THIS 1st DAY OF June 2005

CLERK-MAGISTRATE / ASSISTANT CLERK

A TRUE COPY, ATTEST:    CLERK-MAGISTRATE/ASST. CLERK    X    DATE

Date/Time Printed: 06/01/2005 09:29 AM

| DOCKET CONTINUATION | DOCKET NUMBER 200455CV000536 |
| --- | --- |

| NO. | ENTRY DATE | DOCKET ENTRIES |
| --- | --- | --- |
| 28 | 05/03/2005 | CASE MGMT CONFERENCE SCHEDULED on 5/17/05 02:00 PM RESCHEDULED for 6/7/05 02:00 PM. Reason: Defendant's request without objection. |
| 29 | 05/03/2005 | Notice of case management conference sent to parties. |
| 30 | 05/10/2005 | MOTION SCHEDULED FOR HEARING on 06/02/2005 10:00 AM. |
| 31 | 05/31/2005 | Notice of Removal to Federal Court |
| 32 | 05/31/2005 | Faxed letter from Mangalam Sharma Re; notice of Removal to Federal Court |

I HEREBY CERTIFY THAT THIS IS A TRUE COPY, GIVEN UNDER MY HAND AND SEAL THIS 1st DAY OF June 2005

CLERK-MAGISTRATE
ASSISTANT CLERK

| | A TRUE COPY, ATTEST: | CLERK-MAGISTRATE/ASST. CLERK X | | DATE |
| --- | --- | --- | --- | --- |

Date/Time Printed: 06/01/2005 09:29 AM

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURTS OF MASSACHUSETTS

|  |  |
|---|---|
| NORFOLK SS. | DISTRICT COURT DEPARTMENT<br>STOUGHTON DIVISION<br>1288 Central Street<br>Stoughton, MA  02072<br>Civil Action No. |

|  |  |
|---|---|
| TXCOLLECT/THRIFT I, L.P. | 8524A000010/04/04CIVIL          190.9<br>8524A000010/04/04SURCHARGE    15.0 |
| Plaintiff | COMPLAINT |
| v. |  |
| MANGALAM SHARMA |  |
| Defendant |  |

Whenever used herein and in any subsequent pleadings, the singular number shall include the plural, the plural the singular and the use of any gender shall include all genders.

1.   The Plaintiff, TXCOLLECT/THRIFT I, L.P., is a Limited Partnership duly organized by law and having a usual place of business at 2101 West Ben White Blvd., Suite 103, Austin, Texas and is purchaser for value of the Defendant's Discover credit card account issued by Greenwood Trust Company.

2.   The Defendant, MANGALAM SHARMA, is a natural person residing at 18 Berkshire Avenue, Sharon, County of Norfolk, Commonwealth of Massachusetts.

3.   The Defendant owes the Plaintiff the agreed sum of $20,941.29 according to the account hereto annexed as Exhibit "A."

*WHEREFORE*, the Plaintiff demands judgment against the Defendant for the sum of $20,941.29, plus further interest at 12.000% per annum and costs.

Plaintiff hereby claims a trial by jury on all counts claims set forth herein.

EXHIBIT "A"

For Defendant's use of a credit card pursuant to the customer agreement hereto annexed as Exhibit "B", which sum includes interest at the statutory rate of 12.000% per annum, a reasonable attorney's fee of 15.000% as provided in the customer agreement and any payments made to date.

TOTAL BALANCE DUE                              $20,941.29

THE PLAINTIFF

By:

ALAN J. VANARIA, ESQ. (BBO#544095)
GOLD & VANARIA, P.C.
1350 Main Street, Suite 1400
Springfield, MA  01103-1627
Tel. (413) 747-7700
Date:

04-01259-0/81B

0336
0339

**DISCOVER**

# CARDMEMBER AGREEMENT

Please read this Agreement carefully before using your Discover Card. By using your Account or the conditions of this account, each of which you have read and agreed to, the terms and conditions are provided to you. In the event of any difference, the Agreement shall control.

We respect your privacy. See the Privacy Section on page 3 for additional information.

The Arbitration of Disputes Section on page 8 includes a waiver of a number of rights, including the right to a jury trial.

## TABLE OF CONTENTS

Late Fee ...................................................................... 1
Acceptance of Agreement .......................................... 1
Use of Your Account .................................................. 1
Unauthorized Use ...................................................... 4
Credit Limit-Available Credit ..................................... 5
Monthly Billing Statement ......................................... 5
Minimum Monthly Payment ....................................... 5
Payment Options ........................................................ 6
Returned Check Fee ................................................... 6
Returned Discover Card Check Fee ........................... 6
Credit Balances ......................................................... 6
Balance Transfers ...................................................... 6
Periodic Finance Charges .......................................... 7
Transaction Fee Finance Charges ............................. 7
Research Fee .............................................................. 7
Overlimit Fee ............................................................. 10
Default/Acceleration-Collection Costs ....................... 10
Change of Terms ....................................................... 8
Change of Address ..................................................... 8
Assignment of Account .............................................. 8
Arbitration of Disputes ............................................. 8
Compliance with Interest Rate Limitations ................ 10
Governing Law .......................................................... 10
AGREEMENT TERMS.

**AGREEMENT TERMS.** The word "Account" means your Discover Card Account. The word "Card" means any one or more Discover Cards issued to you or anyone else with your authorization. The words "you", "your" or "yours" refer to us, in addition to the Cardmember, any other person or persons who are also contractually liable under this Agreement. The words "we", "us" and "our" refer to Greenwood Trust Company, the issuer of

-1-                                                30-DCC.09/99

---

your Discover Card. The words "Late" or "date" mean any person when you authorize us to open your Account or use a card, whether or not. The words "Pricing Schedule" mean this document accompanying your Discover Card listing the Finance Charge rates that apply to your Account. The Pricing Schedule is part of this Agreement.

**ACCEPTANCE OF AGREEMENT.** The use of your Account or a Card by you or an Authorized User, or your failure to cancel your Account within 30 days after receiving a Card, means you accept this Agreement.

**USE OF YOUR ACCOUNT.** Your Account may be used for:

- **Purchases** - to obtain goods or services from participating merchants by presenting your Card or Account number.

- **Cash Advances** - to obtain cash advances from participating merchants by presenting your Card, or by means of checks which we may provide to you, all in accordance with such additional terms and conditions as may be increased from time to time.

- **Balance Transfers** - to transfer balance from other creditor to us, which we may from time to time make available. We may offer from time to time the option to make a cash advance or balance transfer conditions or establishment.

In addition, your Account may be used to guarantee reservations at participating establishments. You will be liable for guaranteed reservation that are made prior to the time specified by the establishment.

You agree that you will only use your Account for personal, family, household and similar purposes. Your Account may not be used for business or commercial purposes, to obtain credit or to carry on trade in securities, or to pay any amount you owe under this Agreement ("Prohibited Transactions"). Prior to its use, each Card must be signed by the person to which it is issued. We are not responsible for the refusal of anyone to accept or honor a Card or to accept checks that we have provided you. You must return any Card or unused checks to us upon request.

**AUTHORIZED USES.** If a Card is stolen, or if you think your Account is being used without your permission, you may notify us immediately. You may notify us by telephoning 1-800-DISCOVER (1-800-347-2683), or by writing Discover Card, PO Box 15316, Wilmington, DE 19850-5002. You agree to assist us in determining the facts relating to any theft or possible unauthorized use of your Card and to comply with such procedures as we may require in connection with our investigation.

**UNAUTHORIZED USE.** If you notice the loss or theft of your Card or a possible unauthorized use of your Account, you should

-2-

---

to allow your available balance, including Finance Charges and fees, to exceed your credit limit. If your available credit exceeds your credit limit, we may request immediate payment of the amount by which you exceed your Account credit limit.

**BALANCE TRANSFER.** We may periodically offer you the opportunity to transfer balances from other creditors or to make other transactions to your Account by means of balance transfer checks, which will be the Annual Percentage Rate that will apply to transferred balances for the time period specified in the offer. After the offer expires, the balances remaining will be transferred to the Periodic Finance Charge rate that normally applies for purchases will apply to transferred balances. Unless a special rate applies to purchases and is referred to as special balances for purchases will apply to transferred balances. If we first have specified the balance transfer rate will appear on that statement.

Charges and other charges we have, incurred by you or anyone you authorized, the Finance Charge.

If you make a balance transfer or use your Account or a Card to convert purchase and cash advances made in a foreign currency to U.S. Dollars, we may refuse to accept the payment of the charge. Your Account our cost to convert your payment to U.S. Dollars when purchase is made, in U.S. Dollars for the purchase. Dollars we refuse to convert your payment to U.S.

**MONTHLY BILLING STATEMENT.** Unless we waive our right to do so, we will send you a billing statement after each monthly billing period in which you have a debit or credit balance of $1.00 or more. The billing statement will show the date of transaction, fees and cash advances, balance advances, balance transfers, and other charges or fees and the payments or other credits posted to your Account during the billing period. It will show your New Balance, Minimum Payment Due and Payment Due Date.

**MONTHLY PAYMENT OPTIONS.** You may at any time pay the entire New Balance shown on your billing statement. All payments must be made by mail to us at Greenwood Trust Company, PO Box 6011, Dover, DE 19903-6011 or by using the envelope enclosed with each statement. All payments and other credits will be applied at our discretion. We reserve the right to apply payments and other credits to balances subject to lower Annual Percentage Rates, such as special rate balance transfers or other promotional rates, prior to balances subject to higher Annual Percentage Rates.

**MINIMUM MONTHLY PAYMENT.** The Minimum Payment Due each month is shown on your billing statement. The Minimum Payment will be calculated by using the following equation: average daily balance monthly payment. The minimum monthly payment each month will be the greater of $10.00 or an amount equal to 1/48th of the New Balance, rounded to the nearest dollar, whichever is greater. If the New Balance is less than $10.00, the minimum monthly payment will be the amount of the New Balance. Paying the Minimum Payment Due may be insufficient to bring your Account balance below your Account credit limit and, consequently, may not avoid the imposition of the Overlimit Fee described in the Overlimit Fee Section below.

-3-

---

**CREDIT BALANCES.** We will refund any credit balance within seven business days from receipt of your written request. If you do not request a refund, we will automatically credit future balance transfers or new purchases to your Account. If you do not request a refund, we will retain in your Account after two billing cycles.

**CREDIT CHANGES.** You can avoid payment of Periodic Finance Charges on new purchases which have first appeared on the current billing statement. However, if you pay the New Balance shown on the current billing statement in full before the Payment Due Date, and if the billing period that immediately preceded it had a zero balance or a credit balance, you will not be charged a Periodic Finance Charge. To avoid Periodic Finance Charges on new purchases, you must pay the New Balance in full each month that includes Periodic Finance Charges imposed until the date of repayment.

We compute a separate Periodic Finance Charge each day for purchases, cash advances and balance transfers (which we refer to as a transaction category) and other credits that are added to your New Balance. However, if you pay the New Balance shown on the current billing statement in full before the Payment Due Date, we may not impose Periodic Finance Charges on the new purchases that first appeared on the current billing statement.

Each day we apply the Daily Periodic Finance Charge rate to the Average Daily Balance for each transaction category. We calculate the Average Daily Balance (including new transaction category separately and then add the results. The Average Daily Balance is calculated separately for each transaction category.

We compute the Average Daily Balance (including new transactions) separately for each category by taking the beginning balance of your Account each day, adding any new transactions, and subtracting any payments or credits and unpaid Finance Charges. This gives us the daily balance. Then we add all the daily balances for the billing period and divide the total by the number of days in the billing period. This gives us the Average Daily Balance. This means if you did not pay the New Balance shown on your billing statement in full, we will impose Periodic Finance Charges as described above, as well as a new purchase that first appeared on the current

-4-

---

I HEREBY CERTIFY THAT THIS IS A TRUE
COPY, GIVEN UNDER MY HAND AND SEAL
THIS 1st DAY OF June 2005

Maureen R. Pomuca
CLERK MAGISTRATE
ASSISTANT CLERK

to litigate a claim in court, you or we may elect arbitration with respect to any claim made by a new party or any new claims later asserted in that lawsuit, and nothing contained therein shall constitute a waiver of any rights under this arbitration provision.

We will not invoke our right to arbitrate an individual claim you bring against us in small claims court (or a similar court of your state's equivalent court, if any), so long as the claim is pending only in that court and does not exceed $5,000.00.

Your Account involves interstate commerce, and this provision shall be governed by the Federal Arbitration Act (FAA). The arbitration shall be conducted in accordance with their procedures in effect when the claim is filed...

...

© 1999 Greenwood Trust Company, Member FDIC

Greenwood Trust Company
DISCOVER CARD

R.D. Hoby
Vice President

- 9 -

## KEEP THIS NOTICE FOR FUTURE USE

### Your Billing Rights

This notice contains important information about your rights and our responsibilities under the Fair Credit Billing Act.

**1. Notify Us in Case of Errors or Questions About Your Bill**

If you think your bill is wrong, or if you need more information about a transaction on your bill, write us on a separate sheet of paper at the address listed on your bill...

- your name and Account number.
- your dollar amount of the suspected error.
- describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are not sure about.

If you have authorized us to pay your credit card bill automatically from your savings or checking Account, you can

- 10 -

stop the payment on any amount you think is wrong. To stop the payment, your letter must reach us three business days before the automatic payment is scheduled to occur.

**2. Your Rights and Our Responsibilities After We Receive Your Written Notice**

We must acknowledge your letter within 30 days, unless we have corrected the error by then...

**3. Special Rule for Credit Card Purchases**

If you have a problem with the quality of goods or services that you purchased with a credit card...

(a) you must have made the purchase in your home state, or, if not within your home state, within 100 miles of your current mailing address; and

(b) the purchase price must have been more than $50.

These limitations do not apply if we own or operate the merchant, or if we mailed you the advertisement for the goods or services.

- 11 -

## CASHBACK BONUS* TERMS AND CONDITIONS

1. Cashback Bonus award is an amount denominated in dollars. Cashback Bonus awards constitute a benefit to Cardmembers by using their Discover Card...

2. Cashback Bonus payments are calculated based on purchases made during an annual period corresponding to the Cardmember's anniversary year...

- .25% (.0025), if the purchase is part of the first $1,000 in purchases during the anniversary year;
- .50% (.0050), if the purchase is part of the second $1,000 in purchases during the anniversary year;
- .75% (.0075), if the purchase is part of the third $1,000 in purchases during the anniversary year;
- 1.0% (.01), if the purchase is part of the purchase in excess of $3,000 made during the anniversary year.

4. The Cashback Bonus award vests and is paid shortly after each anniversary year to those Cardmembers...

- 12 -

I HEREBY CERTIFY THAT THIS IS A TRUE COPY, GIVEN UNDER MY HAND AND SE— THIS 1ST DAY OF June 2005

MAGISTRATE

## ALLSTATE LIFE INSURANCE COMPANY OF NEW YORK

Home Office: Farmingville, New York

### CERTIFICATE OF INSURANCE

Allstate Life Insurance Company of New York (herein called "Allstate") has issued Master Policy No. 6440132 to the Credit Card Services Insurance Trust of New York, as Trustee for participating credit card accounts issued by Greenwood Trust Company (herein called "Policyholder"). The Policy provides Accidental Death Insurance for Cardmembers of the Policyholder as provided herein.

*Certifying Officer's signature*

ALLSTATE LIFE INSURANCE COMPANY

Michael J. Velotta
Secretary

Thomas J. Wilson
President

| **STATEMENT OF DAMAGES**<br>G.L. c. 218, § 19A (a) | DATE F (to be added by Clerk) | DOCKET NO. (to be added by Clerk) | **Trial Court of Massachusetts**<br>**District Court Department** |
|---|---|---|---|

| PLAINTIFF(S)<br>TXCOLLECT/THRIFT I, L.P. | DEFENDANT(S)<br>MANGALAM SHARMA |
|---|---|

| INSTRUCTIONS: THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT COURT CIVIL ACTIONS SEEKING MONEY DAMAGES. | STOUGHTON _____ DISTRICT COURT |
|---|---|

| TORT CLAIMS | AMOUNT |
|---|---|
| A. Documented medical expenses to date: | |
|   1. Total hospital expenses: .................................................. | $ _____ |
|   2. Total doctor expenses: .................................................... | $ _____ |
|   3. Total chiropractic expenses: ............................................. | $ _____ |
|   4. Total physical therapy expenses: ........................................ | $ _____ |
|   5. Total other expenses (Describe): _____ | $ _____ |
|   SUBTOTAL: | $ _____ |
| B. Documented lost wages and compensation to date: ......................... | $ _____ |
| C. Documented property damages to date: ................................... | $ _____ |
| D. Reasonably anticipated future medical and hospital expenses: ............ | $ _____ |
| E. Reasonably anticipated lost wages: ...................................... | $ _____ |
| F. Other documented items of damage (Describe): _____ | $ _____ |
| G. Brief description of Plaintiff's injury, including nature and extent of injury (Describe): | |
| For this form, disregard double or treble damage claims; indicate single damages only.   **TOTAL:** | $ |

| CONTRACT CLAIMS | AMOUNT |
|---|---|
| Provide a detailed description of claim(s):  Plaintiff in the above-captioned action hereby asserts that the money damages sought by means of the Complaint to which this Statement of Damages is attached amount to: | $ _____<br>$ _____<br>$ _____ |
| For this form, disregard double or treble damage claims; indicate single damages only.   **TOTAL:** | $ 20,941.29 |

| ATTORNEY FOR PLAINTIFF (OR PRO SE PLAINTIFF) | DEFENDANT'S NAME AND ADDRESS:<br>MANGALAM SHARMA |
|---|---|
| Signature<br>ALAN J. VANARIA, ESQ. (BBO#544095)<br>GOLD & VANARIA, P.C.<br>Print or Type Name      B.B.O.#<br>1350 Main Street, Suite 1400<br>Springfield, MA 01103<br>Address<br>(413) 747-7700 | 118 Berkshire Ave<br><br>Sharon, MA 02067 |

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURTS OF MASSACHUSETTS

DISTRICT COURT DEPARTMENT
STOUGHTON DIVISION
NORFOLK SS.                          1288 Central Street
Stoughton, MA  02072
Civil Action No. *&1ΩΩCv536*

TXCOLLECT/THRIFT I, L.P.             )
)
Plaintiff     )   NOTICE OF MOTION
)
v.                    )
)
MANGALAM SHARMA                      )
)
)
Defendant     )
)

TO:  MANGALAM SHARMA

*Please take notice*, that the undersigned will bring the
Motion for Approval of Real Estate Attachment, a copy of which is
attached hereto, on for hearing before this Court at 1288 Central
Street, Stoughton, Massachusetts,
on   JAN 2 7 2005        at 10:00 a.m. , or as soon
thereafter as the matter can be heard.

Be advised the that Defendant's appearance at aforesaid hearing
does not necessarily imply submission to the jurisdiction of the
Court until the expiration of time for Defendant's response to
service of the summons and complaint made upon him as provided by
law.

By _____
ALAN J. VANARIA, ESQ. (BBO#544095)
GOLD & VANARIA, P.C.
1350 Main Street, Suite 1400
Springfield, MA  01103-1627
Tel. (413) 747-7700
Date:
04-01259-0/81B                          DEC 2 2 2004

DEC 2 / 2004

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURTS OF MASSACHUSETTS

DISTRICT COURT DEPARTMENT
STOUGHTON DIVISION
1288 Central Street
Stoughton, MA   02072
Civil Action No. ﾟﾞﾟﾟﾟﾟ

NORFOLK SS.

---

TXCOLLECT/THRIFT I, L.P.

                Plaintiff

      v.

MANGALAM SHARMA

                Defendant

) MOTION FOR
) APPROVAL OF
) REAL ESTATE
) ATTACHMENT

---

     The Plaintiff in the above-entitled matter moves the Court
for approval of attachment, said attachment being necessary and
reasonable and valid as security for the judgment, which because
of good and reasonable cause, as stated in the annexed Affidavit,
Plaintiff expects to recover.  Said approval is for attachment of
real estate in the Commonwealth of Massachusetts owned by
Defendant.

By: _____

     ALAN J. VANARIA, ESQ.(BBO#544095)
     GOLD & VANARIA, P.C.
     1350 Main Street, Suite 1400
     Springfield, MA   01103-1627
     Tel. (413) 747-7700
     Date:   DEC 2 2 2004

04-01259-0/81B

RECEIVED
DISTRICT COURT

DEC 2 7 2004

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURTS OF MASSACHUSETTS

NORFOLK SS.

DISTRICT COURT DEPARTMENT
STOUGHTON DIVISION
1288 Central Street
Stoughton, MA  02072
Civil Action No. 0415501536

---

TXCOLLECT/THRIFT I, L.P.

          Plaintiff

       v.

MANGALAM SHARMA

          Defendant

)
)
)
)  **AFFIDAVIT IN**
)  **SUPPORT OF**
)  **PLAINTIFF'S MOTION**
)  **FOR APPROVAL OF**
)  **REAL ESTATE**
)  **ATTACHMENT**
)
)
)

---

*NOW COMES* the Plaintiff, or one on Plaintiff's behalf, and says:

This action is based upon purchases made and money lent to the Defendant by use of a Discover credit card issued to the Defendant by Greenwood Trust Company with a present balance due of $18,209.82.  The Defendant defaulted on the payment due on this account.

Subsequent to Defendant incurring said debt with Discover card issued by Greenwood Trust Company, Plaintiff, TXCOLLECT/THRIFT I, L.P., LLC purchased for value Defendant's credit card account with Discover issued by Greenwood Trust Company.

Reasonable attorney's fees of $2,731.47 have been added as provided for in the Customer Agreement, for a total balance due of $20,941.29.

Although numerous demands have been made upon the Defendant by the Plaintiff's predecessor-in-interest, Plaintiff and/or its attorneys, payment of the outstanding balance has not been forthcoming, nor has the Defendant made satisfactory arrangements to liquidate this outstanding debt.

The Defendant is still many months in arrears on the monthly payment schedule, and there still remains a total balance due and owing the Plaintiff from the Defendant of $20,941.29.

Affiant further states that the facts set forth herein are based upon the best of his knowledge, information and belief, and upon information and belief, Affiant believes said facts to be true.

*This statement made under the penalties of perjury.*

Date: 10/23/04

SWORN TO BEFORE ME THIS
23rd day of October 2004

*Diana Wilkerson*
NOTARY
04-01259-0/81B

DIANA L. WILKERSON
Notary Public, State of Texas
My Commission Expires
November 07, 2005

THE PLAINTIFF
TXCOLLECT/THRIFT I, L.P.

*Martha M Daigle*
MARTHA DAIGLE
its Custodian of Records

RECEIVED
DEC 2 / 2004

January 9, 2005

Mangalam Sharma, Pro Se
18 Berkshire Ave
Sharon, Ma 02067

Stoughton District Court
Clerk, Civil Division
1288 Central Street
Stoughton, Ma 02072

Dear Clerk:

Ref: 0455CV536, TX Collect/Thrift I, LP v. Mangalam Sharma

Please find enclosed for filing and docketing the following:

1. Defendant's answer to Plaintiff's Complaint

2. Defendant's Memorandum in Opposition to Plaintiff's motion for attachment of Real Estate

3. Counter Claim

Thanks very much for any and all courtesies, both past, present and future!

With best Wishes and Regards for the New Year

M. Sharma

Encl.

RECEIVED
STOUGHTON DISTRICT COURT

JAN 1 1 2005

CLERK MAGISTRATE

COMMONWEALTH OF MASSACHUSETTS
Trial Court of Massachusetts

NORFOLK SS.

District Court Department
Stoughton Division
Civil Action No.: 0455 CV 536

............................................................
TXCOLLECT/ THRIFT I, L.P.,                )
                          Plaintiff        )
        V.                                 )
                                           )
MANGALAM SHARMA,                          )
                          Defendant        )
.................................................. .)

ANSWER OF DEFENDANT TO Plaintiff's Complaint
Now Comes MANGALAM SHARMA, Pro Se, Defendant, in the above entitled action and
Answers as follows:

## GENERAL

1.  Defendant is without knowledge or information to form a belief as to the veracity of Plaintiff's assertions in item numbered 1 of the Plaintiff's complaint

2.  Defendant admits to allegations set forth in item numbered 2 of the Plaintiff's complaint.

3.  Defendant disputes the allegations in item numbered 3 of the Plaintiff's complaint

### FIRST AFFIRMATIVE DEFENSE
The Complaint fails to state a cause of action upon which relief can be granted
### SECOND AFFIRMATIVE DEFENSE
Even if all the facts alleged in the complaint were true in favor of the Plaintiff, Plaintiff has no remedy at law or equity
### THIRD AFFIRMATIVE DEFENSE
Plaintiff's claims against Defendant are barred by the Statute of Limitations
### FOURTH AFFIRMATIVE DEFENSE
Plaintiff's claims against Defendant are barred by the doctrine of Estoppel
### FIFTH AFFIRMATIVE DEFENSE
Plaintiff's claims against Defendant are barred under the doctrine of hardship/sharp practices-"unconscionable contract agreed to under oppression and unfair surprise, and additionally, contract of adhesion".
### SIXTH AFFIRMATIVE DEFENSE
Marsha Daigle, the Purported Custodian of Records of Plaintiff states under oath the nature of the alleged debt. However, Massachusetts Statute requires that the affidavit

RECEIVED
STOUGHTON DISTRICT COURT

JAN 1 1 2005

be on the personal knowledge of admissible facts as to which it appears that the affiant (herein, Ms. Daigle) would be competent to testify. MGL c. 231, § 59. Ms. Daigle's assertions do not satisfy these requirements.

WHEREFORE, Defendant, MANGALAM SHARMA, requests that the honorable Court:
1. Dismiss the Complaint with Prejudice
2. Award Defendant such other relief that the honorable Court deems fair and just.

**DEFENDANT REQUESTS TRIAL BY JURY.**

Respectfully Submitted,
Mangalam Sharma, Pro Se
18 Berkshire Ave
Sharon, Ma 02067
781. 784.3089

CERTIFICATE OF SERVICE: I, Mangalam Sharma, Pro Se, hereby certify that on this ninth day of January 2005, I sent the foregoing document by US Mail prepaid to Alan Vararia, Esq., Gold and Vararia, PC, 1350 Main Street, Suite 1400, Springfield, Ma 01103



RECEIVED
STOUGHTON DISTRICT COURT

JAN 1 1 2005

CLERK MAGISTRATE

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT OF THE COMMONWEALTH
NORFOLK SS
STOUGHTON DIVISION
CIVIL ACTION NO. 0455CV536

MANGALAM SHARMA
(Plaintiff in Counterclaim)
V
TX Collect/Thrift I, L.P.
(Defendant in Counterclaim)

*COUNTER CLAIM*

1. Plaintiff in Counterclaim is a natural person residing at 18 Berkshire Ave, Sharon, Ma 02067
2. Defendant in Counterclaim is a purported TX Collect, Thrift I, LP, a Texas entity that is alleging a debt relationship (hereafter, TX Collect)
3. Plaintiff in Counterclaim asserts that on numerous occasions TX Collect and or its agents and collectors violated the Federal Fair Credit Reporting Act by leaving numerous messages with unrelated individuals regarding alleged debt.
4. Plaintiff in Counterclaim asserts that TX Collect has violated provisions of MGL Chapter 93 A with respect to consumer protection
5. Plaintiff in Counterclaim asserts that Defendant in Counterclaim has filed a dubious and frivolous lawsuit with the intention of harassing and inconveniencing the Plaintiff in Counterclaim.
6. Plaintiff in Counterclaim asserts damages against TX collect in the amount of $25000 or any other amount that Justice will allow

Respectfully Submitted by
Mangalam Sharma, Pro Se
18 Berkshire Ave
Sharon, Ma 02067
781.784.3089

CERTIFICATE OF SERVICE: I, Mangalam Sharma, hereby certify that on this ninth day of January 9, 2005, I sent this document by US Mail, prepaid to Alan J. Vararia, Esq. of Gold and Vararia, PC, 1350 Main Street, Suite 1400, Springfield, Ma 01103.

I HEREBY CERTIFY THAT THIS IS A TRUE
COPY, GIVEN UNDER MY HAND AND SEAL
THIS _____ DAY OF _June 200_5

CLERK-MAGISTRATE
ASSISTANT CLERK

RECEIVED

JAN 1 7 2005

COMMOWEALTH OF MASSACHUSETTS
TRIAL COURT OF THE COMMONWEALTH

NORFOLK SS.

District Court Department
Stoughton Division

TX Collect/Thrift I, L.P. (Plaintiff)

Mangalam Sharma (Defendant)

Civil Action No.

0455CV 536

**MEMORANDUM IN OPPOSITION** TO PLAINTIFF'S MOTION FOR APPROVAL
OF REAL ESTATE ATTACHMENT

Now comes MANGALAM SHARMA, Defendant and states the following:

1. Plaintiff's motion for attachment of Real Estate should be disallowed and denied
   because
   Massachusetts Statute requires that affidavits be on the personal knowledge of
   admissible facts as to which it appears that the affiant (Ms. Marsha Daigle, the
   purported Custodian of Records of TX Collect/Thrift 1, L.P. Plaintiff) would be
   competent to testify. MGL c. 231, § 59. The assertions of Plaintiff do not satisfy these
   requirements.

2. Defendant has no knowledge of the 4 page excerpt of the purported Card Member
   agreement that Plaintiff's Attorney has made part of Complaint. Defendant has no
   knowledge or recollection of Defendant's acceptance to any terms of the
   purported, **unsigned** Card Member Agreement

3. Plaintiff's Attorney, Alan J. Vararia, Esq. may have unwittingly committed a rule
   11 Violation based on a spurious and questionable affidavit.

DEFENDANT, Mangalam Sharma, requests that the honorable court deny Plaintiff's
request for any Real Estate attachment.

Respectfully Submitted by
Mangalam Sharma *Mangalam Sharma*
18 Berkshire Ave
Sharon, Ma 02067
781. 784. 3089

CERTIFICATE OF SERVICE: I, Mangalam Sharma, Pro Se, hereby certify that on this
ninth day of January 9, 2005, I sent the this document by US Mail prepaid to Alan J.
Vararia, Esq. of Gold and Vararia, PC, 1350 Main Street, Suite 1400, Springfield, Ma
01103.

RECEIVED
STOUGHTON DISTRICT COURT

JAN 1 1 2005

CLERK MAGISTRATE

I HEREBY CERTIFY THAT THIS IS A TRUE
COPY, GIVEN UNDER MY HAND AND SEAL
THIS 1 S^ DAY OF June 200S

CLERK MAGISTRATE
ASSISTANT CLERK

| **NOTICE OF CASE MANAGEMENT CONFERENCE** | DOCKET NUMBER<br><br>**200455CV000536** | **Trial C**    **of Massachusetts**<br>**District . .ourt Department**<br>**Civil Session** |  |
|---|---|---|---|

CASE NAME **TXCOLLECT/THRIFT I,L.P. vs. MANGALAM SHARMA**

| PARTY TO WHICH THIS COPY OF NOTICE IS ISSUED<br><br>COURT COPY | CURRENT COURT<br>Stoughton District Court<br>1288 Central St.<br>Stoughton, MA 02072-4419<br>(781) 344-2131 |
|---|---|

| ATTORNEY FOR PARTY TO WHICH THIS COPY OF NOTICE IS ISSUED<br><br>COURT COPY | **CASE MANAGEMENT CONFERENCE**<br>**SCHEDULED for 04/05/2005 02:00 PM**<br>**(Dist Ct Standing Order 1-98).** | ←←←←←<br>WHEN<br>YOU |
|---|---|---|
| | ROOM/SESSION | MUST<br>APPEAR<br>←←←←← |

| COURT CONTACT PERSON & TELEPHONE NO.<br>Cori Barrett or Jen Callery  781-344-2131  Ext 226 or 228 | JUDGE OR MAGISTRATE (if already assigned)<br>Hon. Francis T. Crimmins, Jr. |
|---|---|

Pursuant to Mass. R. Civ. P.16 and G.L. c. 221, ss 62C, counsel for all parties to this action are **ORDERED** to appear at a case management conference at this court on the above date and time to report on the status of this action.

1. **Agenda.** The purpose of the case management conference is to determine the trial readiness of the case; offer and conduct early-intervention alternative dispute resolution; establish deadlines for discovery, amendment of pleading, addition of parties, dispositive motions, and disclosure of expert witnesses; resolve any discovery dispute and address pending motions; review any proposed case management orders submitted by any party; enter case management orders as appropriate; and assign a firm trial date for cases ready for trial or a firm pretrial conference date for all cases not ready for trial.

2. **Obligations of Counsel.** Counsel shall be familiar with the facts of the case and shall have authority to settle and to select firm dates for trial or pretrial conference. Clients or persons with settlement authority shall be available for telephone consultation with counsel during the case management conference. Counsel shall serve any proposed case management orders and motions to opposing counsel in advance of the case management conference. Counsel are **not** required to prepare any memorandum for the case management conference.

3. **Continuances.** Request for continuances of the case management conference for good cause shall be addressed in writing to the judge named below and shall list all dates in the next thirty days that counsel is unavailable for the case management conference.

4. **Liaison.** Please call the court contact person listed above with any questions or to report settlement.

| DATE ISSUED | JUDGE ISSUING ORDER | CLERK-MAGISTRATE |
|---|---|---|
| 01/12/2005 | Hon. Francis T. Crimmins, Jr. | C-M Donald M. Stapleton |

Date/Time Printed:  01/12/2005 09:36 AM

I HEREBY CERTIFY THAT THIS IS A TRUE COPY, GIVEN UNDER MY HAND AND SEAL THIS _____ DAY OF _____ 20___
MAGISTRATE/ASSISTANT CLERK

*Trial Court of the Commonwealth*

## DISTRICT COURT DEPARTMENT
## STOUGHTON DIVISION
## 1288 CENTRAL STREET
## STOUGHTON, MA 02072

I HEREBY CERTIFY THAT THIS IS A TRUE
COPY, GIVEN UNDER MY HAND AND SEAL
THIS ___ DAY OF ___ 20__
CLERK-MAGISTRATE
ASSISTANT CLERK

NORFOLK, ss.

TXCOLLECT/THRIFT I, L.P.
                    Plaintiff

vs.                                           Civil Case No: _01550058D_

MANGALAM SHARMA
                    Defendant

### SUMMONS
(Rule 4)

To the above-named defendant:

Name and address:    MANGALAM SHARMA, 18 Berkshire Ave., Sharon, MA 02067

**You are hereby summoned** and required to serve upon ___ GOLD & VANARIA, P.C. ___ ,
plaintiff's attorney, whose address is 1350 Main St., Ste 1400, Springfield, MA 01103 ,
a copy of your answer to the complaint which is herewith served upon you, within 20 days after service of this
summons upon you, exclusive of the day of service. You are also required to file your answer to the complaint in the
office of the Clerk of this Court either before service upon plaintiff's attorney or within 5 days thereafter. If you fail
to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have
against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim
or you will thereafter be barred from making such claim in any other action

**WITNESS**, FRANCIS T. CRIMMINS, JR., ESQUIRE, at Stoughton, aforesaid,

this OCT 0 4 2004 _____ day of _____ in the year of our Lord

two thousand and _____ .

(SEAL)

DONALD M. STAPLETON,
CLERK-MAGISTRATE

NOTE:   (1)   When more than one defendant is involved, the names of all defendants should appear in the action.
              If a separate summons is used for each defendant, each should be addressed to the particular defendant.
        (2)   The number assigned to the complaint by the Clerk at commencement of the action should be affixed
              to this summons before it is served.

RECEIVED
STOUGHTON DISTRICT COURT

JAN 1 8 2005

CLERK-MAGISTRATE

SDC-2044
12/01

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURTS OF MASSACHUSETTS

NORFOLK, SS.                           DISTRICT COURT DEPARTMENT
                                       STOUGHTON DIVISION
                                       1288 Central Street
                                       Stoughton, MA 02072
                                       Civil Action No. 0455CV53

```
                                   )
TXCOLLECT/THRIFT I, L.P.           )
                                   )
                 Plaintiff         )    NOTICE OF
                                   )    CONTINUANCE
        v.                         )
                                   )
MANGALAM SHARMA                    )
                                   )
                 Defendant         )
                                   )
```

TO:  MANGALAM SHARMA

*Please take notice* that the Motion for Approval of Real
Estate Attachment  relative to the above-captioned matter which
was scheduled for hearing on January 27, 2005 has been continued
to February 17, 2005 at 10:00 a.m.

Date: Janaury 20, 2005        By: _____
                                  ALAN J. VANARIA, ESQ. (BBO#544095)
                                  For GOLD & VANARIA, P.C.
                                  Attorney for the Plaintiff

CERTIFICATE OF SERVICE

I, the undersigned, attorney for the Plaintiff in the above
entitled matter, hereby certify that I served the above Notice of
Continuance on MANGALAM SHARMA  by mailing, postage prepaid,
on January 20, 2005, a copy of said Notice to 18 Berkshire
Avenue, Sharon, MA 02067.

                         THE PLAINTIFF

                    By: _____
                        ALAN J. VANARIA, ESQ. (BBO#544095)
                        GOLD & VANARIA, P.C.
                        1350 Main Street, Suite 1400
                        Springfield, MA  01103-1627
                        Tel. (413) 747-7700
04-01259-0/8NE              Date:  january 20, 2005

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURTS OF MASSACHUSETTS

DISTRICT COURT DEPT.
STOUGHTON DIVISION
NORFOLK, SS.                                         Civil Action No. 0455 CV 536

_____
                                          )
TXCOLLECT/THRIFT I, L.P.                  )        PLAINTIFF'S
                                          )        MEMORANDUM OF
                Plaintiff                 )        LAW IN SUPPORT OF
        v.                                )        ITS MOTION TO
                                          )        DISMISS DEFENDANT'S
MANGALAM SHARMA                           )        COUNTERCLAIM
                                          )
                Defendant                 )
_____)

        Plaintiff, TXCOLLECT/THRIFT I, L.P., submits this Memorandum of Law in Support
of Plaintiff's Motion pursuant to Rules 8, 9(b), 9(g) and 12(b)(6) of the Massachusetts Rules of
Civil Procedure, to dismiss Defendant's disingenuously raised, knowingly false and wholly
unsupported, frivolous Counterclaim. For the reasons set forth below, the Motion should be
granted.

STATEMENT OF FACTS

1.  Defendant is undeniably contractually liable and indebted to Plaintiff for Defendant's
    use of a Discover Platinum Credit Card for which Plaintiff is the purchaser for value
    thereof.

2.  Defendant is totally without any meritorious defense to Plaintiff's Complaint
    whatsoever and indisputably has not incurred any damages which may then give rise to
    a Counterclaim.

3.  Defendant has willfully and disingenuously raised a frivolous Counterclaim for the sole
    purpose of gaining leverage in the dispute of the underlying debt in a miserably
    disguised plot to "set-off" Plaintiff's balance and/or avoid Plaintiff's claim altogether,
    in a most egregious abuse of process, thereby subjecting Defendant's Counterclaim to
    immediate dismissal and thereby subjecting Defendant to payment of Plaintiff's
    attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) and established case law.

4.  Plaintiff vehemently denies that it has, in any way whatsoever, engaged in any
    misconduct of any kind, or in any manner violated M.G.L. c.93A, the Fair Credit
    Reporting Act, or the F.D.C.P.A. and further represents that all of its dealings with
    Defendant were appropriate, fair, legal and in good faith.

RECEIVED
STOUGHTON DISTRICT COURT
JAN 2 8 2005
CLERK MAGISTRATE

## LEGAL ARGUMENT

1.  Defendant has failed to comply with M.R.C.P. 8(a) in that Defendant's Counterclaim does not set forth a short and plain statement of Defendant's claims showing that Defendant is entitled to relief.

2.  Defendant's Counterclaim is so grossly vague, conclusory and obscure that Plaintiff is unable to even frame a proper reply. Clearly, Plaintiff is unable to appropriately respond to Defendant's inflammatory allegations of misconduct and "violations of M.G.L. c.93A and the Fair Credit Report Act" in the absence Defendant's specificity regarding same, which specificity is required by M.R.C.P. 9(b).

3.  Relative thereto, Defendant's Counterclaim alleges "violations of the Fair Credit Reporting Act" based upon Plaintiff's alleged "leaving of numerous messages with unrelated individuals regarding alleged debt".

4.  However, Plaintiff states that the Fair Credit Reporting Act has no provisions whatsoever relating to "leaving messages" with anyone. As such, Plaintiff believes that Defendant's Counterclaim purports to allege violations of the F.D.C.P.A., rather than the Fair Credit Reporting Act.

5.  Notwithstanding the above, Defendant's baseless, conspicuously enigmatic and confusing allegations of misconduct and "violations" by the Plaintiff are indisputably totally devoid of any specific facts and do not allege any of the elements of any actionable cause of action, clearly alleging no more than desperately asserted affirmative defenses to Plaintiff's action. Such preposterous and disingenuously asserted allegations do not entitle Defendant to any affirmative recovery against Plaintiff.

6.  In addition, due to Defendant's miserable failure to set forth any of the inflammatory allegations of misconduct and "violations" with the specificity required, Plaintiff is unable to determine if the alleged "violations" allegedly occurred outside the one (1) year statute of limitations imposed by 15 U.S.C. § 1692k(d) for raising same.

7.  Defendant has undeniably failed to comply with M.R.C.P. 9(b) in that Defendant's Counterclaim undeniably:
    a.  Lacks the particularity required by said Rule which governs allegations relating to fraudulent conduct;
    b.  Contains only wholly unsupported generalized and conclusory allegations that Defendant has violated M.G.L. c.93A and the Fair Credit Reporting Act; and
    c.  Is indisputably devoid of any specific dates, facts or other supporting information or documentation to lend any credibility to Defendant's ridiculous allegations of fraudulent conduct.



I HEREBY CERTIFY THAT THIS IS A TRUE COPY, GIVEN UNDER MY HAND AND SEAL THIS ___ DAY OF _____ 200 __

CLERK MAGISTRATE
ASSISTANT CLERK

JAN 28 2005

8.  Defendant has additionally failed to comply with M.R.C.P. 9(g) in that Defendant's claim for damages of $25,000.00 purports to be "special damages." However, said "special damages" are not specifically stated as required by said Rule, which defines "special damages" as "damages not necessarily flowing from the acts set out in the declaration and of which Defendant could not be supposed to have notice unless they were properly averred."

9.  Moreover, and most importantly, Defendant has failed to comply with M.R.C.P. 12(b)(6) in that any party filing a cause of action **MUST** have sustained **ACTUAL DAMAGES** as a result of another's conduct. Here, **DEFENDANT, UNEQUIVOCALLY, HAS NOT SUSTAINED ANY DAMAGES WHATSOEVER** based upon Defendant's ambiguous, wholly unsupported and disingenuously raised Counterclaim, **MUCH LESS DEFENDANT'S RIDICULOUSLY OUTRAGEOUS DEMAND FOR $25,000 IN DAMAGES!**

10. It is crucial for this Court to consider that neither Plaintiff, nor Plaintiff's attorneys have ever received any notice from Defendant whatsoever of any alleged "dispute" or "complaint" arising from any alleged "violations of M.G.L. c.93A, the Fair Credit Reporting Act", or the F.D.C.P.A., prior to Defendant's convenient filing of the aforesaid Counterclaim, thereby subjecting the very nature of Defendant's conspicuously raised Counterclaim to scrutiny.

11. Clearly Defendant's desperate assertion of such baseless and totally unsupported allegations of misconduct and "violations" were contrived in nothing more than a disingenuous plot to "set-off" Plaintiff's balance and/or avoid Plaintiff's claim altogether, in a most egregious abuse of process, for the sole purpose of gaining leverage in the dispute of the underlying debt, thereby subjecting Defendant's Counterclaim to immediate dismissal.

12. In Lewis v. Hanks, Clearinghouse No. 46, 787 (E.D. Mo. 1991) the Court held that "if the consumer filed an F.D.C.P.A. action solely to gain leverage in the dispute of the underlying debt, the suit may be determined to be brought in bad faith and for the purpose of harrassment".

13. In addition, the District Court Judge in Lewis, found that the Court could award attorney's fees to the debt collector pursuant to 15 U.S.C. § 1692k(a)(3) and would consider such award if the evidence revealed that the consumer filed the action "to gain leverage in the dispute over a debt that was legitimately owed."

I HEREBY CERTIFY THAT THIS IS A TRUE
COPY, GIVEN UNDER MY HAND AND SEAL
THIS  1 ST  DAY OF June 2005.

CLERK MAGISTRATE
ASSISTANT CLERK

14.    Notwithstanding Defendant's many noted failures to comply with other numerous Rules of Civil Procedure cited herein, a valid basis for dismissal with prejudice of Defendant's frivolous Counterclaim undoubtedly exists, even if based solely upon M.R.C.P. 12(b)(6), for Defendant's failure to state a claim upon which relief may be granted, (See, <u>Retzlaff v. Horgan</u>, 168 F.3d 495 (8th Cir. 1999), where the District Court's dismissal of an F.D.C.P.A. claim pursuant to M.R.C.P. 12(b)(6) was affirmed).

15.    Most importantly, it is imperative for this Court to note, notwithstanding the diligent and compelling numerous legal arguments made herein, that **the single most pivotal legal argument made herein by Plaintiff is the unequivocal fact that only "debt collectors" as denied by 15 U.S.C. §1692a(6), are liable to consumers under 15 U.S.C. §169K for bona fide "violations of the F.D.C.P.A." by the "debt collector"!**

a. **"Debt collector",** as defined by 15 U.S.C. §1692a(6), means:

"any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

**"The terms does not include any officer or employee of a creditor, while, in the name of the creditor, collecting debts for such creditor."**

16.    Consequently, Defendant's Counterclaim alleging such "violations" of the F.D.C.P.A., which allegations were "mislabeled" as alleged "violations of the Fair Credit Reporting Act", is grossly and undeniably defective on its face, having been improperly raised against Plaintiff who is indisputably not a "debt collector" as defined by 15 U.S.C. §1692(a), which absolutely does not entitle Defendant to any affirmative recovery against Plaintiff under any set of circumstances, even if provable.

17.    Moreover, because the F.D.C.P.A. only provides a right of recovery for those "injured parties" who have been injured and suffered damages as a result of any unfair and deceptive acts or practices by "debt collectors", Plaintiff, who is undeniably not a "debt collector", is indisputably not liable to Defendant for any damages whatsoever, much less the disingenuous and ludicrous damages of $25,000.00 sought by Defendant for "mislabeled" allegations of "violations" of the F.D.C.P.A.

I HEREBY CERTIFY THAT THIS IS A TRUE
COPY, GIVEN UNDER MY HAND AND SEAL
THIS ⎯ DAY OF June 2005.

~~CLERK MAGISTRATE~~
ASSISTANT CLERK

JAN 28 2005

18.    In closing, it is Plaintiff's firm belief that this Court will undoubtedly conclude that Defendant's Counterclaim has been disingenuously advanced in bad faith by Defendant in a most egregious abuse of process, in an effort to "gain leverage in the dispute of the underlying debt", which behavior indisputably not only subject's Defendant's Counterclaim to dismissal, but also subjects Defendant to payment of Plaintiff's attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) and based upon the standard established in Lewis.

19.    Lastly, it is axiomatic that in order to withstand a Motion to Dismiss, a cause of action for fraud must be pleaded with particularity. M.R.C.P. 9(b); Graphic Arts Finishers, Inc. v. Boston Redevelopment Auth., 357 Mass. 40, 44 (1970).

20.    Notwithstanding the undeniable fact that Defendant has not suffered any actual damages whatsoever that would give rise to any Counterclaim, compulsory or permissive, most importantly, under no circumstances could Defendant successfully argue that the baseless, grossly vague and conclusory allegations contained in Defendant's Counterclaim are sufficient to withstand Plaintiff's Motion to Dismiss.

**WHEREFORE,** Plaintiff prays that its Motion to Dismiss Defendant's Counterclaim be granted with costs and Attorney's fees of $1,000.00 awarded to Plaintiff. Attorney's fees of $1,000.00 should be granted because Defendant's Counterclaim has been undeniably raised for the sole purpose of "gaining leverage in the dispute of the underlying debt", which behavior indisputably unquestionably subject's Defendant to payment of Plaintiff's attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) and based upon the standard established in Lewis.

Plaintiff states that justice would be best served by this Court's allowance of Plaintiff's Motion to Dismiss Defendant's Counterclaim.

TXCOLLECT/THRIFT I, L.P.
By its Counsel

I HEREBY CERTIFY THAT THIS IS A TRUE
COPY, GIVEN UNDER MY HAND AND SEAL
THIS  1 ST   DAY OF June   2005 .

CLERK MAGISTRATE
ASSISTANT CLERK

ALAN J. VANARIA, ESQ. (BBO#544095)
GOLD & VANARIA, P.C.
1350 Main Street, Suite 1400
Springfield, MA 01103
Tel: (413) 747-7700
Date:    JAN 2 6 2005

[G:WP2005/Tjp/SHARMA-IRV-ROGERS.doc]

JAN 2 8 2005

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURTS OF MASSACHUSETTS

NORFOLK, SS.

DISTRICT COURT DEPARTMENT
STOUGHTON DIVISION
1288 Central Street
Stoughton, MA 02072
Civil Action No. 0455C

```
                                   )
TXCOLLECT/THRIFT I, L.P.           )
                                   )
                Plaintiff          )    NOTICE OF MOTION
                                   )
        v.                         )
                                   )
MANGALAM SHARMA                    )
                                   )
                Defendant          )
                                   )
```

TO:   MANGALAM SHARMA

*Please take notice*, that the undersigned will bring a Motion
to Dismiss Defendant's Counterclaim for hearing before the
DISTRICT COURT DEPARTMENT, STOUGHTON DIVISION, 1288 Central
Street, Stoughton, MA, on February 10, 2005 at 10:00 a.m. in the
forenoon of that day or as soon thereafter as counsel can be
heard.

By: _____

ALAN J. VANARIA, ESQ.(BBO#544095)
For GOLD & VANARIA, P.C.
Attorney for the Plaintiff

CERTIFICATE OF SERVICE

I, the undersigned, attorney for the Plaintiff in the above
entitled matter, hereby certify that I served the above Motion to
Dismiss Defendant's Counterclaim, Plaintiff's Memorandum of Law
In Support of Its Motion to Dismiss Defendant's Counterclaim and
Notice on MANGALAM SHARMA  by mailing, postage prepaid, on
JAN 26 2005              , a copy of said Motion, Memorandum
and Notice to 18 Berkshire Avenue, Sharon, MA 02067.

THE PLAINTIFF

By: _____

ALAN J. VANARIA, ESQ.(BBO#544095)
GOLD & VANARIA, P.C.
1350 Main Street, Suite 1400
Springfield, MA  01103-1627
Tel. (413) 747-7700

04-01259-0/8ND

Date:  JAN 26 2005      JAN 28 2005

CLERK MAGISTRATE

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURTS OF MASSACHUSETTS

DISTRICT COURT DEPT.
STOUGHTON DIVISION

NORFOLK, SS.

Civil Action No. 0455 CV 536

|  |  |
|---|---|
| TXCOLLECT/THRIFT I, L.P. | ) |
|  | ) PLAINTIFF'S MOTION TO |
|  | ) DISMISS DEFENDANT'S |
| Plaintiff | ) COUNTERCLAIM |
| v. | ) |
|  | ) |
| MANGALAM SHARMA | ) |
|  | ) |
| Defendant | ) |
|  | ) |

Pursuant to M.R.C.P. 8, 9(b), 9(g), and 12(b)(6), Plaintiff hereby requests this Honorable Court dismiss Defendant's Counterclaim for failure to state a claim upon which relief can be granted and for failure to comply with rules of pleading. In support thereof, Plaintiff refers this Court to Plaintiff's Memorandum in Support of its Motion to Dismiss Defendant's Counterclaim.

*WHEREFORE,* Plaintiff prays that its Motion to Dismiss Defendant's Counterclaim be granted with costs and Attorney's fees of $1,000.00 awarded to Plaintiff. Attorney's fees of $1,000.00 should be granted because Defendant's Counterclaim has been undeniably raised for the sole purpose of "gaining leverage in the dispute of the underlying debt", which behavior indisputably unquestionably subject's Defendant to payment of Plaintiff's attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) and established case law.

*PLAINTIFF HEREBY CLAIMS A TRIAL BY JURY ON ALL COUNTS OR CLAIMS FORTH HEREIN.*

TXCOLLECT/THRIFT I, L.P.
By its Counsel

Date:    JAN 2 6 2005

ALAN J. VANARIA, ESQ. (BBO#544095)
GOLD & VANARIA, P.C.
1350 Main Street, Suite 1400
Springfield, MA 01103
Tel: (413) 747-7700

RECEIVED
STOUGHTON DISTRICT COURT

JAN 2 8 2005

CLERK MAGISTRATE

February 5, 2005

Mangalam Sharma, Pro Se
18 Berkshire Ave
Sharon, Ma 02067

Stoughton District Court
Clerk, Civil Division
1288 Central Street
Stoughton, Ma 02072

Dear Clerk:

Ref: 0455CV536, TX Collect/Thrift I, LP v. Mangalam Sharma

Please find enclosed for filing and docketing:

    **Memorandum in Opposition** to Defendant in Counterclaim's Motion to Dismiss
Counterclaim.

    It appears that TX Collect's Attorney, Mr. Alan J. Vanaria, in apparent violation of
Rule 9A, has filed the above motion **directly** with the Clerk's office with a hearing
date of February 10, 2005.

    Thanks very much for your help and kind assistance,

    With Best Wishes,

    M. Sharma

Encl. Memorandum with accompanying Exhibit

FEB 0 8 2005

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT OF THE COMMONWEALTH
NORFOLK SS
STOUGHTON DIVISION
CIVIL ACTION NO. 0455CV536

## MEMORANDUM opposing <u>MOTION TO DISMISS COUNTERCLAIM</u>

MANGALAM SHARMA
(Plaintiff in Counterclaim)                 Motion is scheduled for Feb 10, Thursday @
10:00am
V
TX Collect/Thrift I, L.P.
(Defendant in Counterclaim)

Plaintiff in Counterclaim states the following in support of **Memorandum in opposition** to Motion to Dismiss Counterclaim.

1. Mr. Alan Vanaria, Attorney for TX Collect/Thrift I, L.P. (hereafter, TX Collect) has failed to follow Rule 9A in that he filed his motion directly with the Clerk's office.

2. Mr. Vanaria's assertion regarding Debt Collectors is misleading and vague. GOLD AND VANARIA P.C., of which Mr. Vanaria is presumably a principal, is vicariously responsible for the actions and or misdeeds of its Collection Agents. Since TX Collect has presumably hired Gold and Vanaria, P.C., this entity is the proximate cause for any harm suffered by the Plaintiff in Counterclaim.

3. Plaintiff in Counterclaim asserts that on numerous occasions TX Collect and or its agent left approximately 25 messages with unrelated individuals regarding alleged debt.
   The agent of TX Collect is the Collection Law firm of Gold and Vanaria, P.C. The Collection Agents referred to above even used pejorative words such as senile and old.

4. According to the FTC (Federal Trade Commission), any violations of the Fair Debt Collection Practices act (P.L. 104-208, 110 Stat. 3009, 1996) entail a fine of $1000 per violation. Therefore, 25 such violations equal $25000 in possible penalties.

5. TX Collect has not responded to Interrogatories and Request for production of documents (Exhibit 1 and 2) which Plaintiff in Counterclaim believes is essential and fundamental to just resolution of the Cause of Action initiated by TX Collect and the resultant Counterclaim.

I HEREBY CERTIFY THAT THIS IS A TRUE COPY, GIVEN UNDER MY HAND AND SEAL THIS 1st DAY OF 2005
CLERK-MAGISTRATE
ASSISTANT CLERK

6. Plaintiff in Counterclaim asserts damages against TX collect in the amount of $25000 are justified and further, TX Collect's actions (mediated or caused by the Collection Law firm of Gold and Vanaria) have resulted in Intentional Infliction of Emotional Distress and physical sequellae thereof have been experienced by Plaintiff in Counterclaim.

$M. Sh -$

Respectfully Submitted by
Mangalam Sharma, Pro Se
18 Berkshire Ave
Sharon, Ma 02067
781.784.3089

**CERTIFICATE OF SERVICE**: I, Mangalam Sharma, hereby certify that on this fifth day of February 2005, I sent this document and accompanying exhibits by US Mail, prepaid to Alan J. Vanaria, Esq. of Gold and Vararia, PC, 1350 Main Street, Suite 1400, Springfield, Ma 01103.



EXHIBIT 1

COMMONWEALTH OF MASSACHUSETTS

COPY

NORFOLK, ss                    Stoughton District Court

TX COLLECT/THRIFT I, L.P., )
                           )
            Plaintiff      )
                           )
Vs.                        )    CIVIL CASE NO.: 0455CV356
                           )
**MANGALAM SHARMA**,       )    **INTERROGATORIES OF Defendant to be**
                           )    answered under oath **by** Affiant for Plaintiff and
                           )    Custodian of Records for Plaintiff, namely,
            Defendant      )    **Marsha Daigle**
                           )

1. Please state your full name, residential address, business address and your relationship to TX Collect/Thrift I, L.P., hereafter, TX Collect.

2. Please state your educational qualifications and job description. Also, please state if TX Collect complies with the Federal Fair Credit Reporting Act and whether you are
   Aware of any violations of this statute?

3. Please state if you are a share-holder of TX Collect.

4. Please identify any and all documents that are intended to be introduced into evidence at the Trial of this matter by the Plaintiff and state whether or not each has been produced as a part of the response to Defendant's request for production of Documents herein.

   5. Please identify any and all persons whom you believe has knowledge of any discoverable information in this litigation.

5. Please identify any and persons that are expected to be called as expert witnesses at trial of
   This matter by the Plaintiff, stating for each person the following information:
   (a) The subject matter on which that person is expected to testify;
   (b) The substance of the facts and opinions to which that person is expected to testify;
   (c) A summary of the grounds for each such opinion

6. What are the dates of each and every loan that you claim was made to Defendant and what Are the dates of each and every payment made by Defendant?

7. Do you have the written agreement entered into by Defendant and Plaintiff?
   Answer Yes or No

I HEREBY CERTIFY THAT THIS IS A TRUE
COPY, GIVEN UNDER MY HAND AND SEAL
THIS  1 S⅃ DAY OF June 2005.

Marsha Daigle
~~CLERK MAGISTRATE~~
ASSISTANT CLERK

FEB 0 8 2005

8.  Do you have personal knowledge of the Affidavit that you signed under oath as a
    part of the
    Complaint in this litigation?  Answer Yes or No
9.  Please identify TX Collect by stating:
      (a) Its full legal name
      (b) Is full legal address
      (c) The names and addresses of its partners together with the percentage
ownership of Each partner.
      (d) If you would do so without a formal request for production a complete
copy of the
      Alleged debt referenced in this complaint that was purportedly purchased
from
      Discover Card and the amount paid for this particular transaction.

> MANGALAM SHARMA, Pro Se
> 18 Berkshire Ave
> Sharon, Ma 02067
> 781 784 3089

CERTIFICATE OF SERVICE:

 I hereby certify that a true copy of the foregoing document was served by mailing the
same first class, postage prepaid to Marsha Daigle, TX Collect, 2101 West Ben White
Blvd, Suite 103,
Austin, TX  and to Alan J. Vararia, Esq., Gold and Vararia, PC, 1350 Main St, Suite
1400, Springfield, Ma 01103

I HEREBY CERTIFY THAT THIS IS A TRUE
COPY, GIVEN UNDER MY HAND AND SEAL
THIS  1 ⊆⊣  DAY OF  June  20 05

CLERK MAGISTRATE
ASSISTANT CLERK

EXHIBIT 2

COMMONWEALTH OF MASSACHUSETTS

COPY

NORFOLK, ss                        Stoughton District Court

TX COLLECT/THRIFT I, L.P., )
                                )
            Plaintiff           )
                                )
Vs.                             )      CIVIL CASE NO.: 0455CV356
                                )
**MANGALAM SHARMA**,            )      **REQUEST FOR PRODUCTION OF**
                                )             **DOCUMENTS**
                                )
            Defendant           )

Defendant, Mangalam Sharma request that the Plaintiff produce copies of any and all
documents pertaining to the above cause of action. Plaintiff shall mail to the Defendant
the copies of the items encompassed in the Request for production of documents
Or alternatively, the Defendant shall make arrangements to copy these documents at the
Plaintiff's place of business.

CERTIFCATE OF SERVICE:
I hereby certify that on this ninth day of January 9, 2005, a true copy of the foregoing
document was served by mailing the same via First Class, Postage Prepaid to TX
Collect/Thrift I, L.P. 2101 West Ben Blvd, Suite 103, Austin, Texas and to Alan J.
Vararia, Esq., Gold and Vararia, PC, 1350 Main Street, Suite 1400, Springfield, Ma
01103

I HEREBY CERTIFY THAT THIS IS A TRUE
COPY, GIVEN UNDER MY HAND AND SEAL
THIS ___ DAY OF June 20 05

CLERK MAGISTRATE
ASSISTANT CLERK

FEB 0 8 2005

February 7, 2005

Mangalam Sharma, Pro Se
18 Berkshire Ave
Sharon, Ma 02067

Stoughton District Court
Clerk, Civil Division
1288 Central Street
Stoughton, Ma 02072

Dear Clerk:

Ref: 0455CV536, TX Collect/Thrift I, LP v. Mangalam Sharma

Please find enclosed:

**Motion(s) to continue**
**1. Motion for RE Attachment and opposing memorandum (Sch. For 2/17/05)**
2. **Motion to Dismiss Counterclaim** and Opposing memorandum (**Sch. For 2/10/05**)

Please note that any and all motions with respect to the above Cause of Action have
been **continued to March 17, 2005.**

I have requested Mr. Vanaria's concurrence with reference t these matters

Thanks again for your help,

With Regards,

M sh—
M. Sharma

Encl. Memorandum with accompanying Exhibit

I HEREBY CERTIFY THAT THIS IS A TRUE
COPY, GIVEN UNDER MY HAND AND SEAL
THIS  ⌐ S┘ DAY OF June 2005

CLERK MAGISTRATE
ASSISTANT CLERK

3418744

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss                         Stoughton District Court

TX COLLECT/THRIFT I, L.P.,   )
                                    )
                    Plaintiff       )
                                    )
Vs.                                 )    CIVIL CASE NO.: 0455CV356
                                    )
**MANGALAM SHARMA,**                ) NOTICE OF MOTION(s) **FOR CONTINUANCE**
                                    )
                                    )
              Defendant             )

Defendant requests that 1. Motion for "Attachment of Real Estate" and opposing Memorandum
Scheduled for Feb 17, 2005 be **continued to March 17, 2005, Thursday at 9:00 am.**

2. Motion to Dismiss Counterclaim and opposing memorandum thereto, scheduled for February 10, 2005 at 10:00 am is **continued to March 17, 2005 at 9:00 am**

CERTIFCATE OF SERVICE:                              *H. Sh——*
I hereby certify that on this ninth day of February 7, 2005, a true copy of the foregoing document was served by mailing the same via First Class, Postage Prepaid to Alan J. Vanaria, Esq., Gold and Vanaria, PC, 1350 Main Street, Suite 1400, Springfield, Ma 01103 and via fax

I HEREBY CERTIFY THAT THIS IS A TRUE
COPY, GIVEN UNDER MY HAND AND SEAL
THIS 1st DAY OF June 2005.

CLERK MAGISTRATE
ASSISTANT CLERK

February 7, 2005

Mangalam Sharma
18 Berkshire Ave
Sharon, Ma 02067
781.784.3089


Gold and Vanaria, P.C.
Alan Vanaria, Esq., et al
413.747.9650 fax
413.747.7700 tel

Via Fax

Dear Counselor Vanaria:


Ref: 0455CV536, TX Collect/Thrift I, LP v. Mangalam Sharma

   Due to circumstances beyond my control and furthermore, because of the impending
Snowstorm on Feb 10, 05, I have requested the Court to continue any and all pending
motions with respect to the above case to MARCH 17, 2005, Thursday @ 9:00 am.

I would sincerely appreciate your concurrence and would certainly reciprocate should
you ever need any accommodation from me.

I also hope that we can resolve this matter amicably and equitably.

Thank You

Sincerely


M. Sharma

Encl.

I HEREBY CERTIFY THAT THIS IS A TRUE
COPY, GIVEN UNDER MY HAND AND SEAL
THIS  | SX  DAY OF June 2005

CLERK MAGISTRATE
ASSISTANT CLERK

| **NOTICE TO THE PARTIES** | DOCKET NUMBER<br>**200455CV000536** | Trial Court of Massachusetts<br>**District Court Department** |  |
|---|---|---|---|

CASE NAME  **TXCOLLECT/THRIFT I,L.P.  vs.  MANGALAM SHARMA**

| PARTY TO WHICH THIS COPY OF NOTICE IS ISSUED<br><br>COURT COPY | CURRENT COURT<br>Stoughton District Court<br>1288 Central St.<br>Stoughton, MA 02072-4419<br>(781) 344-2131 |
|---|---|

| ATTORNEY FOR PARTY TO WHICH THIS COPY OF NOTICE IS ISSUED<br><br>COURT COPY | **CASE MANAGEMENT CONFERENCE<br>SCHEDULED for 04/05/2005 02:00 PM<br>(Dist Ct Standing Order 1-98).** | ←←←←<br>WHEN<br>YOU<br>MUST<br>APPEAR<br>←←←← |
|---|---|---|
| | ROOM/SESSION | |

**TO THE PARTIES TO THIS CASE:**

The court has made the following docket entry in this case:

Motion to Dismiss counterclaim on 2/10/05 at 10:00 a.m.  and Motion for Real Estate Attachment on 2/17/05 at 10:00 a.m. are both OFF LIST and will be re-marked by the plaintiff's Atty. with notice going to the Defendant.

I HEREBY CERTIFY THAT THIS IS A TRUE
COPY, GIVEN UNDER MY HAND AND SEAL
THIS  1 St  DAY OF  June  2005

*Maureen R Petrucci*

~~CLERK MAGISTRATE~~
**ASSISTANT CLERK**

| DATE ISSUED<br>02/09/2005 | CLERK-MAGISTRATE<br>C-M Donald M. Stapleton |
|---|---|

Date/Time Printed:   02/09/2005 12:09 PM

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURTS OF MASSACHUSETTS

NORFOLK, SS.                        DISTRICT COURT DEPARTMENT
                                   STOUGHTON DIVISION
                                   1288 Central Street
                                   Stoughton, MA 02072
                                   Civil Action No. 0455CV536

|  |  |
|---|---|
| TXCOLLECT/THRIFT I, L.P. | ) |
|  | ) |
| Plaintiff | ) NOTICE OF |
|  | ) CONTINUANCE |
| v. | ) |
|  | ) |
| MANGALAM SHARMA | ) |
|  | ) |
| Defendant | ) |

TO:  MANGALAM SHARMA

     *Please take notice* that the Motion to Dismiss Defendant's
Counterclaim relative to the above-captioned matter which was
scheduled for hearing on February 10, 2005 has been continued by
agreement to March 31, 2005 at 10:00 A.M.

Date: February 16, 2005        By:

                               ALAN J. VANARIA, ESQ. (BBO#544095)
                               For GOLD & VANARIA, P.C.
                               Attorney for the Plaintiff

## CERTIFICATE OF SERVICE

     I, the undersigned, attorney for the Plaintiff in the above
entitled matter, hereby certify that I served the above Notice of
Continuance on MANGALAM SHARMA  by mailing, postage prepaid,
on February 16, 2005, a copy of said Notice to 18 Berkshire Ave.,
Sharon, MA 02067.

                               THE PLAINTIFF

                               By:

                               ALAN J. VANARIA, ESQ. (BBO#544095)
                               GOLD & VANARIA, P.C.
                               1350 Main Street, Suite 1400
                               Springfield, MA  01103-1627
                               Tel. (413) 747-7700
04-01259-0/8NE                 Date: February 16, 2005

I HEREBY CERTIFY THAT THIS IS A TRUE
COPY, GIVEN UNDER MY HAND AND SEAL
THIS  | ⟍⟋ DAY OF ⟍⟋⟋⟋⟋ 200 ⟋

CLERK MAGISTRATE
ASSISTANT CLERK

STOUGHTON

FEB 2 2 2005

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURTS OF MASSACHUSETTS

NORFOLK, SS.

DISTRICT COURT DEPARTMENT
STOUGHTON DIVISION
1288 Central Street
Stoughton, MA 02072
Civil Action No. 0455CV536

| | | |
|---|---|---|
| TXCOLLECT/THRIFT I, L.P. | | |
| | Plaintiff | NOTICE OF<br>CONTINUANCE |
| v. | | |
| MANGALAM SHARMA | | |
| | Defendant | |

TO:  MANGALAM SHARMA

*Please take notice* that the Motion for Approval of Real
Estate Attachment relative to the above-captioned matter which
was scheduled for hearing on February 17, 2005 has been continued
by agreement to March 31, 2005 at 10:00 A.M.

Date: February 16, 2005        By:

ALAN J. VANARIA, ESQ.  (BBO#544095)
For GOLD & VANARIA, P.C.
Attorney for the Plaintiff

### CERTIFICATE OF SERVICE

I, the undersigned, attorney for the Plaintiff in the above
entitled matter, hereby certify that I served the above Notice of
Continuance on MANGALAM SHARMA  by mailing, postage prepaid,
on February 16, 2005, a copy of said Notice to 18 Berkshire Ave.,
Sharon, MA 02067.

THE PLAINTIFF

By:

ALAN J. VANARIA, ESQ.  (BBO#544095)
GOLD & VANARIA, P.C.
1350 Main Street, Suite 1400
Springfield, MA  01103-1627
Tel. (413) 747-7700
Date: February 16, 2005

04-01259-0/8NB
I HEREBY CERTIFY THAT THIS IS A TRUE
COPY, GIVEN UNDER MY HAND AND SEAL
THIS  1 ST  DAY OF June  2005

CLERK MAGISTRATE
ASSISTANT CLERK

March 9, 2005

Mangalam Sharma, Pro Se
18 Berkshire Ave
Sharon, Ma 02067
781.784.3089


Stoughton District Court
Clerk, Civil Division
1288 Central Street
Stoughton, Ma 02072

Dear Clerk:


Ref: 0455CV536, TX Collect/Thrift I, LP v. Mangalam Sharma

Please find enclosed for filing and docketing:

**1. Motion to Dismiss under M.R.C.P. 12 (b) 6**
**2. Copy: Power of Attorney**

Please note that the above motion is scheduled for **March 31, 2005 @ 10:00** as are
other Motions pertaining to this Cause of Action


Thanks again for your help,

With Regards,

M. Sharma

Encl.


I HEREBY CERTIFY THAT THIS IS A TRUE
COPY, GIVEN UNDER MY HAND AND SEAL
THIS  1st  DAY OF  June  2005

~~CLERK MAGISTRATE~~
ASSISTANT CLERK

BK 18382 PG 495

POWER OF ATTORNEY

I, MANGALAM SHARMA, OF 18 BERKSHIRE AVE, SHARON, MA 02067 OF
SOUND BODY AND MIND, AND OF MY OWN FREE WILL AND INTENTION
THEREOF, HEREBY GRANT POWER OF ATTORNEY TO:
PADDY KALISH OF 18 BERKSHIRE AVE, SHARON, MA 02067 IN ANY AND
ALL FINANCIAL, LEGAL AND TAXATION MATTERS.
This power of attorney shall be valid until I revoke it in writing.
This power of attorney may be filed with the Norfolk county Registrar's office.

SIGNED UNDER OATH AND ATTESTED THIS--------13--------DAY OF
DECEMBER IN THE YEAR OF OUR LORD, 2002 A.D.

RECEIVED AND RECORDED
NORFOLK COUNTY
REGISTRY OF DEEDS
DEDHAM, MA
CERTIFY
William P. O'Donnell
WILLIAM P. O'DONNELL, REGISTER

Mangalam Sharma

I HEREBY CERTIFY THAT THIS IS A TRUE
COPY, GIVEN UNDER MY HAND AND SEAL
THIS  1st  DAY OF  June  2005

CLERK MAGISTRATE
ASSISTANT CLERK



WAYNE M. DISKIN
Notary Public
Commonwealth of Massachusetts
My Commission Expires
November 29, 2008

RECEIVED
STOUGHTON DISTRICT COURT

MAR 1 / 2005

055290

03 MAR -7 PM 3:22

COMMONWEALTH OF MASSACHUSETTS
Trial Court of Massachusetts

NORFOLK SS.

District Court Department
Stoughton Division
Civil Action No.: 0455 CV 536

..................................................

| | |
|---|---|
| TXCOLLECT/ THRIFT I, L.P., | ) |
| Plaintiff | ) |
| V. | ) |
| | ) |
| MANGALAM SHARMA, | ) |
| Defendant | ) |

................................................ .)

**Scheduled for March 31, 2005 @10:00 am**

MOTION TO DISMISS COMPLAINT UNDER M.R.C.P. 12 (b)(6) and For Plaintiff's lack of standing to sue in accordance with Massachusetts Law and Incorporated memorandum of Law.

## STATEMENT OF THE CASE

TX Collect/Thrift I, L.P., hereafter, TX Collect, instituted this cause of action based on an alleged debt that was purportedly purchased from Discover Credit Card. The complaint purports to substantiate its existence by reference to a generic Card Member Agreement that was attached to the Complaint. This purported Card Member Agreement is unsigned and is devoid of any connection to the Defendant. It is the Defendant's position that even assuming arguendo that the Purported Card Member Agreement with Discover Card exists, it is barred by the Statute of Limitations.

Defendant further contends that Plaintiff lacks standing to sue because no such authority is evident in any of the documents that have been incorporated into the complaint by the Plaintiff. Furthermore, there is a question of whether TX Collect, the transferee of the purported Discover Card Member Agreement has the same rights as the purported transferor (Discover Card) had. In this connection, the Courts often look to the intent of

I HEREBY CERTIFY THAT THIS IS A TRUE
COPY, GIVEN UNDER MY HAND AND SEAL
THIS ____ DAY OF _____ 2005
RECEIVED
_____
CLERK MAGISTRATE
ASSISTANT CLERK
MAR 1 7 2005

the assignor and assignee in making the assignment rather than the formality of the use of

the term assignee- in defining rights and responsibilities.

Defendant's Answer to Complaint is incorporated herein by reference.


### Statement of Issues Presented

1. Whether the Plaintiff has standing to present the merits of any legal claim against

   Defendant.

2. Whether the Complaint is barred under the Statute of Limitations (SOL).

   Defendant believes that SOL ran out on or around 2003.

3. (a)Whether there was a proper assignment from Discover Card to TX Collect?

   (b) Marsha Daigle, the Purported Custodian of Records of Plaintiff states under oath
   the nature of the alleged debt. However, Massachusetts Statute requires that the
   affidavit be on the personal knowledge of admissible facts as to which it appears that
   the affiant (herein, Ms. Daigle) would be competent to testify. MGL c. 231, § 59.
   Ms. Daigle's assertions do not satisfy these requirements and therefore, the
   Complaint is conceptually flawed and must be dismissed.


### Standard of Review

A Motion to Dismiss must be granted if the well-pleaded facts of the Complaint and

their inferences, taken as true, fail to state a claim upon which the Court may grant

relief. See

C.M. v. P.R. 420 Mass.220, 221-222, 649 N.E. 154, 155 (1995), Kirkland Const. Co.

v. James, 35 Mass. App. Ct. 559, 561, 658 N.E. 2d 699, 700-701 (1995).

Well-pleaded facts should be distinguished from conclusory allegations and

assertions. See Trustees of Boston Univ. v. ASM Communications, Inc., 33 F. Supp.

I HEREBY CERTIFY THAT THIS IS A TRUE
COPY, GIVEN UNDER MY HAND AND SEAL
THIS 1 ST DAY OF June 2005

CLERK MAGISTRATE
ASSISTANT CLERK

RECEIVED
TOUGHTON DISTRICT COURT

MAR 1 7 2005

2d 66, 70 (1st Circuit 1998). Furthermore, a motion to dismiss lies against the Complaint which on its face shows that the Statute of Limitations has run prior to the date the Cause of Action was commenced. See Babco Industries, Inc., v. New England Merchants Nat. Bank, 6 Mass. App. Ct. 929, 380 N.E. 2d 1327(1978).

### Argument

1. Plaintiff, TX Collect has no standing to sue Defendant because no such authority is evident in any of the documents incorporated with the Complaint. A standing to sue is a jurisdictional prerequisite to the Commencement of any Cause of Action. See Lujan V. Defenders of Wildlife, 504 U.S. 555, 560, 112 S. Ct. 2130 (1992).

2. The Statute of Limitation bars this complaint and therefore, this Complaint shall fail.

3. (a). Assuming Arguendo that there was no proper assignment of rights from Discover Card to TX Collect, the Court shall look into the intent of the assignor and assignee in making the assignment in defining rights and responsibilities and hence, another rationale for dismissing this complaint.

(b) The allegation based on Information and belief must not be allowed to proceed. The affiant for the Plaintiff has no personal knowledge of the alleged facts and therefore, M.G.L. C. 231, § 59 is not satisfied, which is yet another rationale for dismissing this complaint.

### Conclusion

I HEREBY CERTIFY THAT THIS IS A TRUE COPY, GIVEN UNDER MY HAND AND SEAL THIS 1st DAY OF June 2005

CLERK MAGISTRATE
ASSISTANT CLERK

RECEIVED
DISTRICT COURT

MAR 1 7 2005

The Complaint should be properly dismissed for failure to state a claim upon which

relief may be granted.

Wherefore, the Defendant respectfully requests that this Honorable Court **Dismiss** the

Complaint and grant any other relief as Justice may require.

Respectfully Submitted by:

Mangalam Sharma, Pro Se
18 Berkshire Ave
Sharon, Ma 02067
781. 784.3089

CERTIFICATE OF SERVICE: I, Mangalam Sharma, Pro Se, hereby certify that on
this ninth day of March 2005, I sent the foregoing document by US Mail prepaid to
Alan Vanaria, Esq., of Gold and Vanaria, PC, 1350 Main Street, Suite 1400,
Springfield, Ma 01103

I HEREBY CERTIFY THAT THIS IS A TRUE
COPY, GIVEN UNDER MY HAND AND SEAL
THIS  1  ⌄  DAY OF  June  2005

CLERK MAGISTRATE
ASSISTANT CLERK

RECEIVED
STOUGHTON DISTRICT COURT

MAR 1 7 2005

:: MAGISTRATE

| NOTICE OF NEXT EVENT | DOCKET NUMBER<br>200455CV000536 | Trial C t of Massachusetts<br>District Court Department  |
|---|---|---|

CASE NAME  **TXCOLLECT/THRIFT I,L.P. vs. MANGALAM SHARMA**

| PARTY TO WHICH THIS COPY OF NOTICE IS ISSUED<br><br>COURT COPY | CURRENT COURT<br>Stoughton District Court<br>1288 Central St.<br>Stoughton, MA 02072-4419<br>(781) 344-2131 |
|---|---|

| ATTORNEY FOR PARTY TO WHICH THIS COPY OF NOTICE IS ISSUED<br><br>COURT COPY | CASE MANAGEMENT CONFERENCE<br>SCHEDULED for 04/05/2005 02:00 PM<br>(Dist Ct Standing Order 1-98).<br><br>ROOM/SESSION | ←←←←←<br>WHEN<br>YOU<br>MUST<br>APPEAR<br>←←←←← |
|---|---|---|

## TO THE PARTIES TO THIS CASE:

The nature, date and time of the next scheduled event concerning this case is indicated above.

**You are required to be present at this event.**

If you have good reason to request the Court to reschedule this event for another date, such request must be made by motion in accordance with the applicable court rule. Please note that the granting of a continuance is not automatic even when all the parties agree.

Additional Comments (if any):

Motion for Attachment of Real Estate continued to May 5, 2005 at 10:00 a.m.      Motion to Dismiss Defendant's Counterclaim continued to May 5, 2005 at 10:00 a.m.and Motion to Dismiss continued to May 5, 2005 at 10:00 a.m.

I HEREBY CERTIFY THAT THIS IS A TRUE COPY, GIVEN UNDER MY HAND AND SEAL THIS  1st  DAY OF June  20 05

CLERK-MAGISTRATE-
ASSISTANT CLERK

| DATE ISSUED<br>03/29/2005 | CLERK-MAGISTRATE/ASST. CLERK<br>C-M Donald M. Stapleton |
|---|---|

Date/Time Printed:  03/29/2005 10:00 AM

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURTS OF MASSACHUSETTS

NORFOLK, SS.

DISTRICT COURT DEPARTMENT
STOUGHTON DIVISION
1288 Central Street
Stoughton, MA  02072
Civil Action No. 0455CV536

```
                                   )
TXCOLLECT/THRIFT I, L.P.           )
                                   )
                  Plaintiff        )   NOTICE OF MOTION
                                   )
        v.                         )
                                   )
MANGALAM SHARMA                    )
                                   )
                  Defendant        )
                                   )
```

TO:  MANGALAM SHARMA

*Please take notice*, that the Motion for Approval of Real
Estate Attachment and Motion to Dismiss Defendant's Counterclaim
has been rescheduled for hearing from May 5, 2005 to June 2,
2005 at 10:00 a.m. in the forenoon of that day or as soon
thereafter as counsel can be heard.

By: _____
ALAN J. VANARIA, ESQ.(BBO#544095)
For GOLD & VANARIA, P.C.
Attorney for the Plaintiff

CERTIFICATE OF SERVICE

I, the undersigned, attorney for the Plaintiff in the above
entitled matter, hereby certify that I served the above Notice on
MANGALAM SHARMA  by mailing, postage prepaid, on May 4,
2005, a copy of said Notice to 18 Berkshire Avenue, Sharon, MA
02067.

THE PLAINTIFF

By: _____
ALAN J. VANARIA, ESQ.(BBO#544095)
GOLD & VANARIA, P.C.
1350 Main Street, Suite 1400
Springfield, MA  01103-1627
Tel. (413) 747-7700
Date: May 4, 2005

04-01259-0/8ND

I HEREBY CERTIFY THAT THIS IS A TRUE
COPY, GIVEN UNDER MY HAND AND SEAL
THIS  IS>    DAY OF June 2005

_____
CLERK MAGISTRATE
ASSISTANT CLERK

May 23, 2005

Mangalam Sharma, Pro Se
18 Berkshire Ave
Sharon, Ma 02067 (Tel: 781.784.3089)

Stoughton District Court
Clerk, Civil Division
1288 Central Street
Stoughton, Ma 02072

Via Fax 781.341.8744 and mail

Dear Clerk:

Ref: 0455CV536, TX Collect/Thrift I, LP v. Mangalam Sharma

Please find for your kind consideration:

NOTICE OF REMOVAL TO: United States District Court For the District of
Massachusetts.

Accordingly, please shelve any and all motions (Plaintiff's as well as Defendant's)
scheduled for 6/2/05 and the CMR (scheduled for 6/7/05).


Thanks again for your help and kind assistance.

With Regards,

M. Sharma


Copy: Gold and Vanaria, P.C. by mail and fax to 413.747.9650

I HEREBY CERTIFY THAT THIS IS A TRUE
COPY, GIVEN UNDER MY HAND AND SEAL
THIS  1st  DAY OF June  2005

~~CLERK MAGISTRATE~~
ASSISTANT CLERK

NOTICE OF REMOVAL TO FEDERAL COURT

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

## 05 CV 11066 NM[

*Plaintiff, TX Collect/Thrift I, L.P. *v* Defendant, Mangalam Sharma*. Case # 0455CV536

NOTICE OF REMOVAL TO: HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

Petitioner, Mangalam Sharma, is the Defendant, in above entitled action. The petitioner reserves all rights including defenses and objections as to venue, subject matter jurisdiction, personal jurisdiction, and service of process, the filing of this notice of removal is subject to, and without waiver of such defenses and objections.

Petitioner exercises the right under Title 28, USC § 1441, /et seq/., to remove this action from the Stoughton District Court of Norfolk County, Massachusetts, in which the said action is now pending under the above-captioned title and case #.

1. It would appear that, as of the date of filing of this notice of Removal, no motions have been heard by the Stoughton District Court nor has the trial begun.
2. This is an action in which the District Courts of the United States of America have been given original jurisdiction upon each of the following bases:
   (a) FDCPA: Federal Fair Debt Collection Practices Act as amended by PL 104-208, 110 Stat, 3009.
   (b) Legal actions by Debt Collectors, their employers, agents or assignees: 15 USC 1692
   (c) Section 8 of the FDIC act
   (d) Subtitle IV of Title 49, ICC
   (e) OCC: Office of the Comptroller of the currency and its regulations governing "National Banks"

3. as further described below, the claims alleged in the complaint fall within the original jurisdiction of this court. Hence, under the provisions of 28 USC § 1441, /et seq./, the right exists to remove this action from the Stoughton District Court of Norfolk County, Massachusetts, to the United States District Court for the District of Massachusetts, which embraces the place where the cause of action is now pending.

4. Since the Plaintiff's claim(s) and conduct are subject to Federal Law, this cause of action is properly removable to this court irrespective of the manner in which the Plaintiff seeks to characterize the claims in its complaint.

5. Pursuant to 28 U.S.C. § 1446, a copy of this notice of Removal is being filed with the Stoughton District Court, Norfolk County, Massachusetts.

6. Pursuant to Rule 81 of the Local Rules of the United States District Court for the District of Massachusetts, within 30 days of the filing of this notice, attested copies of the summons, the Complaint and any and all docket entries and submissions will be filed by the Defendant through [...] Court.

I HEREBY CERTIFY THAT THIS IS A TRUE COPY OF THE ORIGINAL ON [...] HAND AND SEAL
THIS 1 st DAY OF June 2005

~~CLERK MAGISTRATE~~
ASSISTANT CLERK

7. Petitioner reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, THE PETITIONER, MANGALAM SHARMA, hereby removes the action now pending in Stoughton District Court at Docket Number: **0455 CV 356**   to this Court.

Respectfully Submitted by Mangalam Sharma, Pro Se
18 Berkshire Avenue
Sharon, MA 02067
781.784.3089

I **HEREBY CERTIFY** THAT THIS IS A TRUE
COPY, GIVEN UNDER MY HAND AND SEAL
THIS  15   DAY OF June  2005

~~CLERK MAGISTRATE~~
**ASSISTANT CLERK**