UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TXCOLLECT/THRIFT I, LLP.

    Plaintiff

v.

MANGALAM SHARMA,

    Defendant

Case No. 05-11066-NMG

## PLAINTIFF'S MOTION TO REMAND CASE TO THE STOUGHTON DISTRICT COURT

NOW COMES Plaintiff, TXCOLLECT/THRIFT I, LLP., (hereafter "Plaintiff"), by and through its attorneys, GOLD & VANARIA, P.C., and respectfully requests this Court to remand this matter back to the Stoughton District Court. In support thereof, Plaintiff represents the following:

1. Plaintiff's Complaint is based on a credit card debt due from Defendant, MANGALAM SHARMA, in the amount of $20,941.29.

2. Plaintiff's Complaint was filed with the Stoughton District Court on or about October 4, 2004, Civil Action No. 0455 CV 536.

3. Defendant filed her Answer and Counterclaim with the Stoughton District Court on or about January 9, 2005, a copy of which is attached hereto as Exhibit "A".

Page 2

4. Defendant's "pro se" Counterclaim alleges very vaguely a single, irrelevant allegation that Plaintiff violated the Fair Credit Reporting Act by allegedly leaving numerous messages with unrelated individuals regarding the alleged debt.

5. Pursuant to 28 U.S.C. § 1446(d), Defendant was required to remove this matter to the Federal District Court, if possible, within thirty (30) days after receipt of Plaintiff's Complaint.

6. Inarguably, over six (6) months have passed since Defendant was served with Plaintiff's Complaint and, as such, Defendant cannot now seek to remove this matter to the Federal District Court.

7. In addition, Defendant does not have a colorable federal question claim for which this Court could adjudicate.

WHEREFORE, Plaintiff, TXCOLLECT/THRIFT I, LLP., respectfully requests that this Court remand this matter back to the Stoughton District Court and enter such further relief as this Court deems just and proper, including attorney's fees and costs.

Date: 6/22/05

TXCOLLECT/THRIFT I, LLP.
By and through its attorney:

By: _____
David A. Lavenburg, Esq. (BBO#557558)
GOLD & VANARIA, P.C.
1350 Main Street, Suite 1400
Springfield, MA 01103
Tel. (413) 747-7700

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I served a copy of the Plaintiff's Motion to Remand Case to the Stoughton District Court on June 22, 2005 via first class mail, with postage prepaid and return address thereon to:

Mangalam Sharma
18 Berkshire Avenue
Sharon, MA 02067


_____
David A. Lavenburg, Esq. (BBO#557558)


[G:WP2005/DALPldgs/SHARMA-MOT-REMAND.doc]

# Exhibit A

COMMONWEALTH OF MASSACHUSETTS
Trial Court of Massachusetts

NORFOLK SS.

District Court Department
Stoughton Division
Civil Action No.: 0455 CV 536

TXCOLLECT/ THRIFT I, L.P., )
          Plaintiff )
V. )
    )
MANGALAM SHARMA, )
          Defendant )

**ANSWER OF DEFENDANT TO Plaintiff's Complaint**

Now Comes MANGALAM SHARMA, Pro Se, Defendant, in the above entitled action and
Answers as follows:

## GENERAL

1. Defendant is without knowledge or information to form a belief as to the veracity of Plaintiff's assertions in item numbered 1 of the Plaintiff's complaint

2. Defendant admits to allegations set forth in item numbered 2 of the Plaintiff's complaint.

3. Defendant disputes the allegations in item numbered 3 of the Plaintiff's complaint

### FIRST AFFIRMATIVE DEFENSE
The Complaint fails to state a cause of action upon which relief can be granted

### SECOND AFFIRMATIVE DEFENSE
Even if all the facts alleged in the complaint were true in favor of the Plaintiff, Plaintiff has no remedy at law or equity

### THIRD AFFIRMATIVE DEFENSE
Plaintiff's claims against Defendant are barred by the Statute of Limitations

### FOURTH AFFIRMATIVE DEFENSE
Plaintiff's claims against Defendant are barred by the doctrine of Estoppel

### FIFTH AFFIRMATIVE DEFENSE
Plaintiff's claims against Defendant are barred under the doctrine of hardship/sharp practices-"unconscionable contract agreed to under oppression and unfair surprise, and additionally, contract of adhesion".

### SIXTH AFFIRMATIVE DEFENSE
Marsha Daigle, the Purported Custodian of Records of Plaintiff states under oath the nature of the alleged debt. However, Massachusetts Statute requires that the affidavit

be on the personal knowledge of admissible facts as to which it appears that the affiant (herein, Ms. Daigle) would be competent to testify. MGL c. 231, § 59. Ms. Daigle's assertions do not satisfy these requirements.

WHEREFORE, Defendant, MANGALAM SHARMA, requests that the honorable Court:

1. Dismiss the Complaint with Prejudice
2. Award Defendant such other relief that the honorable Court deems fair and just.

**DEFENDANT REQUESTS TRIAL BY JURY.**

Respectfully Submitted,

Mangalam Sharma, Pro Se
18 Berkshire Ave
Sharon, Ma 02067
781. 784.3089

CERTIFICATE OF SERVICE: I, Mangalam Sharma, Pro Se, hereby certify that on this ninth day of January 2005, I sent the foregoing document by US Mail prepaid to Alan Vararia, Esq., Gold and Vararia, PC, 1350 Main Street, Suite 1400, Springfield, Ma 01103

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT OF THE COMMONWEALTH
NORFOLK SS
STOUGHTON DIVISION
CIVIL ACTION NO. 0455CV536

MANGALAM SHARMA
(Plaintiff in Counterclaim)
V
TX Collect/Thrift I, L.P.
(Defendant in Counterclaim)

1. Plaintiff in Counterclaim is a natural person residing at 18 Berkshire Ave, Sharon, Ma 02067
2. Defendant in Counterclaim is a purported TX Collect, Thrift I, LP, a Texas entity that is alleging a debt relationship (hereafter, TX Collect)
3. Plaintiff in Counterclaim asserts that on numerous occasions TX Collect and or its agents and collectors violated the Federal Fair Credit Reporting Act by leaving numerous messages with unrelated individuals regarding alleged debt.
4. Plaintiff in Counterclaim asserts that TX Collect has violated provisions of MGL Chapter 93 A with respect to consumer protection
5. Plaintiff in Counterclaim asserts that Defendant in Counterclaim has filed a dubious and frivolous lawsuit with the intention of harassing and inconveniencing the Plaintiff in Counterclaim.
6. Plaintiff in Counterclaim asserts damages against TX collect in the amount of $25000 or any other amount that Justice will allow

Respectfully Submitted by
Mangalam Sharma, Pro Se
18 Berkshire Ave
Sharon, Ma 02067
781.784.3089

CERTIFICATE OF SERVICE: I, Mangalam Sharma, hereby certify that on this ninth day of January 9, 2005, I sent this document by US Mail, prepaid to Alan J. Vararia, Esq. of Gold and Vararia, PC, 1350 Main Street, Suite 1400, Springfield, Ma 01103.