UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TXCOLLECT/ THRIFT I, L.P., )
        Plaintiff )
V. )
   ) Case No. 05-11066-NMG
MANGALAM SHARMA, )
        Defendant )
   .)

**MEMORANDUM OF OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**
**AND**
MOTION TO DISMISS COMPLAINT UNDER F.R.C.P. 12 (b)(6) and For Plaintiff's lack of standing to sue in accordance with F.R.C.P. and Massachusetts Law and Incorporated memorandum of Law.

### STATEMENT OF THE CASE

TX Collect/Thrift I, L.P., hereafter, TX Collect, instituted this cause of action based on an alleged debt that was purportedly purchased from Discover Credit Card. The complaint purports to substantiate its existence by reference to a generic Card Member Agreement that was attached to the Complaint. This purported Card Member Agreement is unsigned and is devoid of any connection to the Defendant. It is the Defendant's position that even assuming arguendo that the Purported Card Member Agreement with Discover Card exists, it is barred by the Statute of Limitations.

Defendant further contends that Plaintiff lacks standing to sue because no such authority is evident in any of the documents that have been incorporated into the complaint by the Plaintiff. Furthermore, there is a question of whether TX Collect, the transferee of the purported Discover Card Member Agreement has the same rights as the purported transferor (Discover Card) had. In this connection, the Courts often look to the intent of

the assignor and assignee in making the assignment rather than the formality of the use of the term assignee- in defining rights and responsibilities. There appears to be no privity between Discover Card and TX Collect. A "chain of title" proving Privity, as required by Federal Law, has not been furnished or proffered by TX Collect.

Defendant's Answer to Complaint is incorporated herein by reference.

Defendant asserts that based on a.) Federal Fair Debt Collection Practices Act b.) Section 8 of the FDIC act and or any applicable regulations of the Comptroller of the Currency c.) Regulations concerning Interstate Commerce, **the present Cause of Action belongs in Federal Court.**

Additionally, Federal Courts have been in the forefront of protecting the rights of individuals by way of judicious application of U.S. Constitution and hence, the case for resolution of this dispute in the Federal Court system. Massachusetts State Courts tend to give undue leverage to Collection Attorneys and the like who file numerous cases and typically get default judgments because the average consumer is unable to litigate against them for want of affordable legal representation.

### Statement of Issues Presented

1. Whether Plaintiff's Attorney(s), Gold and Vanaria, PC have complied with Local Rule 83.5.1 of the U.S. District Court of Massachusetts?

2. Whether the Plaintiff has standing to present the merits of any legal claim against Defendant.

3. Whether the Complaint is barred under the Statute of Limitations (SOL).

   Defendant believes that SOL ran out on or around 2003.

4. (a) Whether there was a proper assignment from Discover Card to TX Collect?

(b) Marsha Daigle, the Purported Custodian of Records of Plaintiff states under oath the nature of the alleged debt. However, Massachusetts Statute requires that the affidavit be on the personal knowledge of admissible facts as to which it appears that the affiant (herein, Ms. Daigle) would be competent to testify. MGL c. 231, § 59. Ms. Daigle's assertions do not satisfy these requirements and therefore, the Complaint is conceptually flawed and must be dismissed.

### Standard of Review

A Motion to Dismiss must be granted if the well-pleaded facts of the Complaint and their inferences, taken as true, fail to state a claim upon which the Court may grant relief. See C.M. v. P.R. 420 Mass.220, 221-222, 649 N.E. 154, 155 (1995), Kirkland Const. Co. v. James, 35 Mass. App. Ct. 559, 561, 658 N.E. 2d 699, 700-701 (1995). Well-pleaded facts should be distinguished from conclusory allegations and assertions. See Trustees of Boston Univ. v. ASM Communications, Inc., 33 F. Supp. 2d 66, 70 (1st Circuit 1998). Furthermore, a motion to dismiss lies against the Complaint which on its face shows that the Statute of Limitations has run prior to the date the Cause of Action was commenced. See Babco Industries, Inc., v. New England Merchants Nat. Bank, 6 Mass. App. Ct. 929, 380 N.E. 2d 1327(1978).

**Argument**

1. Plaintiff, TX Collect has no standing to sue Defendant because no such authority is evident in any of the documents incorporated with the Complaint. A standing to sue is a jurisdictional prerequisite to the Commencement of any Cause of Action. See Lujan V. Defenders of Wildlife, 504 U.S. 555, 560, 112 S. Ct. 2130 (1992).

2. The Statute of Limitation bars this complaint and therefore, this Complaint shall fail.

3. (a). Assuming Arguendo that there was no proper assignment of rights from Discover Card to TX Collect, the Court shall look into the intent of the assignor and assignee in making the assignment in defining rights and responsibilities and hence, another rationale for dismissing this complaint.

(b) The allegation based on Information and belief must not be allowed to proceed. The affiant for the Plaintiff has no personal knowledge of the alleged facts and therefore, M.G.L. C. 231, § 59 is not satisfied, which is yet another rationale for dismissing this complaint.

## Conclusion

The Complaint should be properly dismissed for failure to state a claim upon which relief may be granted.

Wherefore, the Defendant respectfully requests that this Honorable Court **Dismiss** the Complaint and grant any other relief as Justice may require.

Respectfully Submitted by:

Mangalam Sharma, Pro Se
18 Berkshire Ave
Sharon, Ma 02067
781. 784.3089

CERTIFICATE OF SERVICE: I, Mangalam Sharma, Pro Se, hereby certify that on this twenty ninth day of July, 2005, I sent the foregoing document by US Mail prepaid to Alan Vanaria, Esq., of Gold and Vanaria, PC, 1350 Main Street, Suite 1400, Springfield, Ma 01103