UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

............................................
TXCOLLECT/ THRIFT I, L.P.,      )
        Plaintiff      )
   V.      )
       )   Case No. 05-11066-NMG
MANGALAM SHARMA,      )
        Defendant      )
............................................)

**MOTION TO RECONSIDER**

Now Comes the Defendant, Mangalam Sharma, who humbly moves the Honorable Court to reconsider the (Remand) Order of Judge Gordon issued on or around August 11, 2005.

**INTRODUCTION**

TX Collect/Thrift I, L.P., hereafter, TX Collect, instituted this cause of action based on an alleged debt that was purportedly purchased from Discover Credit Card. The complaint purports to substantiate its existence by reference to a generic Card Member Agreement that was attached to the Complaint. This purported Card Member Agreement is unsigned and is devoid of any connection to the Defendant. It is the Defendant's position that even assuming arguendo that the Purported Card Member Agreement with Discover Card exists, it is barred by the Statute of Limitations.

Defendant further contends that Plaintiff lacks standing to sue because no such authority is evident in any of the documents that have been incorporated into the complaint by the Plaintiff. Furthermore, there is a question of whether TX Collect, the transferee of the purported Discover Card Member Agreement has the same rights as the purported transferor (Discover Card) had. In this connection, the Courts often look to the intent of

the assignor and assignee in making the assignment rather than the formality of the use of the term assignee- in defining rights and responsibilities. There appears to be no privity between Discover Card and TX Collect. A "chain of title" proving Privity, as required by Federal Law, has not been furnished or proffered by TX Collect.

Defendant's RIGHT to be heard in Federal Court is based on Defendant's assertion of Federal Question Jurisdiction, which is further enhanced by the Constitutional protections afforded to the Defendant under the Due Process Clause of the 14th Amendment.

Defendant asserts that based on a.) Federal Fair Debt Collection Practices Act b.) Section 8 of the FDIC act and or any applicable regulations of the Comptroller of the Currency c.) Regulations pertaining to Interstate Commerce, **the present Cause of Action belongs in Federal Court**

## ARGUMENT

1. Attorney(s), Gold and Vanaria, PC have not complied with Local Rule 83.5.1 of the U.S. District Court of Massachusetts.

2. Plaintiff has no standing to present the merits of any legal claim against Defendant.

3. The Complaint is barred under the Statute of Limitations (SOL). Defendant believes that SOL ran out on or around May of 2003.

4. There is no proper assignment of alleged debt from Discover Card to TX Collect.

5. The Honorable Court did not pay heed to Defendant's Motion to Dismiss, thereby, denying

The Defendant's right to Due Process.

## CONCLUSION

1. The Complaint should have been dismissed for failure to state a claim upon which relief may be granted.

2. Plaintiff's Motion to Remand should have been denied.

3. The Cause of Action rightfully belongs in the Federal Court System.

Wherefore, the Defendant respectfully requests that this Honorable Court to grant the Motion to Reconsider.

Respectfully Submitted by:

*Mangal Sh*

Mangalam Sharma, Pro Se
18 Berkshire Ave
Sharon, Ma 02067
781. 784.3089

CERTIFICATE OF SERVICE: I, Mangalam Sharma, Pro Se, hereby certify that on this twenty fourth day of August, 2005, I sent the foregoing document by US Mail prepaid to Alan Vanaria, Esq., of Gold and Vanaria, PC, 1350 Main Street, Suite 1400, Springfield, Ma 01103